# Waters *v.* Philadelphia, Appellant.

*Road law—Dedication of street—Evidence—Presumption.*

Where there has been long continued use of land as a street by the public without objection on the part of the owner of the soil, the jury may presume a valid dedication. No particular formality is requisite to constitute a dedication upon the part of the owner. Any act which clearly indicates an intention to dedicate is sufficient.

Where an owner of land erects a building about four feet back from the street line, and afterwards permits the public to use the strip four feet wide as a part of the pavement for a period of from thirty-five to forty

years, neither he nor his successors in title can claim, after the city has made the street line conform to the line of the building, that as a matter of law he is entitled to damages for the value of the strip. In such a case the question of the dedication of the strip to public use is one for the jury.

Argued Jan. 14, 1904. Appeal, No. 179, Jan. T., 1903, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1901, No. 2297, on verdict for plaintiff in case of G. Jason Waters v. Philadelphia. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Appeal from award of jury of view. Before BIDDLE, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John H. Maurer,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellant.—Dedication of land to public use as a highway is a question of intention, and when the intention to dedicate exists, and the way is used by the public, the dedication becomes effective without reference to the length of the time covered by such uses : Bush v. Johnston, 23 Pa. 209 ; Scanlin v. Conshohocken Boro., 19 Montgomery County Law Rep. 31.

*George C. Bowker,* with him *Joseph A. McKeon,* for appellee. —The intention to dedicate ought to be clearly manifest in order to deprive a landowner of his own property : Griffin's Appeal, 109 Pa. 150 ; Biddle v. Ash, 2 Ashmead, 211 ; Gowen v. Phila. Exchange Co., 5 W. & S. 141 ; Weiss v. South Bethlehem Borough, 136 Pa. 294 ; Bellefield Ave., 2 Pa. Superior Ct. 148 ; Hudson v. Watson, 2 Pa. Superior Ct. 422 ; Frankford, etc., City Pass. Ry. Co. v. Phila., 175 Pa. 120 ; Cotter et al. v. City of Phila., 194 Pa. 496.

OPINION BY MR. JUSTICE POTTER, February 29, 1904 :

This was an issue framed under an appeal from the finding of a road jury upon a claim for damages caused by the widen-

ing of Walnut street.  On the lot now owned by the plaintiff at the southeast corner of 15th street and Walnut, a building was erected some thirty-five or forty years ago upon a line about four feet from the street line, and the intervening space was left open for use and was used by the public as part of the sidewalk.  All the other buildings on the block were erected substantially on the same line.  On June 30, 1892, an ordinance was passed authorizing the bureau of surveys to revise the city plan so as to make the width of Walnut street conform to the line of the buildings erected thereon; and on January 15, 1894, in pursuance to the ordinance, the new south line of Walnut street was thus fixed.

Plaintiff purchased the property in question in 1898, and took down the old building and erected a new one upon the line established in 1894.  This practically coincided with the line of the old building, although there is some evidence which indicates a further recession of a few inches.  The plaintiff claimed damages for the value of the entire four feet between the original street line and that established in 1894.  The city claimed that the plaintiff was entitled to no damages whatever, averring that the former owner had dedicated this four feet of ground to the use of the public.  The court instructed the jury that there was no evidence in the case that would justify them in finding that there had been a dedication of the ground to public use, and restricted the jury to the single question of the amount of damages to be awarded.  In this we think there was error.

There is much evidence in the case tending to show that the strip of ground in question was for many years used as part of the sidewalk, and that the owner made no use of it which would indicate that he regarded it as ministering in any way to his special benefit.  There was no door upon the Walnut street end of the building and no steps leading to the street, as the entrance was from the 15th street side.  It is claimed by the city, and considerable evidence was offered tending to show, that, during a period of time extending for many years more than the statutory period of limitations, the owner never made any objection to the full and free use of this ground by the public as part of the highway, and never, during that period, made any claim of ownership therein.

Where there has been long continued use of land as a street by the public without objection on the part of the owner of the soil, the jury may presume a valid dedication : Schenley v. Com., 36 Pa. 29 (59). No particular formality is requisite to constitute a dedication upon the part of the owner. Any act which clearly indicates an intention to dedicate is sufficient. "Proof of the animus dedicandi may be by circumstances, and may rest in pais. One of such circumstances which will be considered evidence of dedication, is the use of the way by the public, with the knowledge and assent of the owner of the soil ; and when such use extends through a long series of years, the animus dedicandi is presumed. The reason of this rule is, that when the owner of the soil so long acquiesces in the using the way, having knowledge thereof, he is estopped to deny his prior dedication : " Wilson v. Sexon, 27 Iowa, 15. It was also said, in City of Richmond v. Stokes, 31 Gratt. 713 : "Where streets and alleys have been opened by the owner of the soil and used by the public with his consent for years, a dedication of the easement may be presumed, and the continued and uninterrupted use with the knowledge and acquiescence of the owner will justify the presumption of a dedication to the public, provided the use has been continued so long that private rights and public convenience might be materially affected by an interruption of the enjoyment. But any acts of ownership by the owners of the soil would repel the presumption."

In State v. K. C., etc., R. R. Co., 45 Iowa, 139, it was pointed out that in the strict sense of the term a highway cannot be established by prescription, since there can be no such thing as a grant to the public, but common usage has applied the term to highways whose existence is based upon long use and occupation.

There are many cases holding that the period required for the statute of limitations to bar the right of the owner would from analogy be sufficient to establish a presumption of dedication from lapse of time. Thus Knox, J., says, in Com. v. Cole, 26 Pa. 187 : "The use of the ground by the public as a highway for more than twenty-one years made it a public road just as effectually as though it had originally been laid out and opened by the proper authorities." And in Schenley v. Com.,

36 Pa. 29, 59, it is said: "The period of twenty-one years of enjoyment, after which a presumption of a grant is made, is fixed from analogy to the statute of limitations."

There is also abundant authority for the proposition that the owner of the soil may be concluded by a user by the public for a much shorter period of time, when there are other circumstances from which the intention to dedicate may be inferred. As in Pittsburg, etc., Railway Co. v. Dunn, 56 Pa. 280, REED, J., says: "Eight years is quite sufficient time for presuming a dedication of the way to the public. In a great case which was much contested, six years was held sufficient, 11 East, 375 (note); and in Jarvis v. Dean, 3 Bing. 447, Chief Justice BEST said 'as it had been used for four or five years as a public road, the jury were warranted in presuming that it was used with the full assent of the owners of the soil.'" But where it is obvious that a space has been left open for the accommodation of the owner and not of the public the presumption of dedication does not arise: Gowen v. Phila. Exchange Co., 5 W. & S. 141. And where the owner of land sets his fence back from the highway for his own convenience and uses the intervening space until his death for private purposes, the municipal authorities cannot restrain a subsequent owner of the property, even years after the death of the former owner, from setting back the fence to the old line and enclosing the intervening space: Griffin's Appeal, 109 Pa. 150. But there the use of the land by the public was simply by sufferance of the owner: in that case Justice GREEN said (p. 155): "Dedication is a matter of intention, and when clearly proved, it is as complete in one day as in twenty-one years. Where there is no opposing proof, long continued use by the public is evidence of an intention to dedicate, but it is by no means conclusive and always yields to contrary proof of a satisfactory character." In Weiss v. So. Bethlehem Boro., 136 Pa. 294, the question of the intention to dedicate was submitted to the jury, and they were instructed that a mere permissive use by the public of a piece of ground left open by the owner in front of his property, and used by him in his own business and for his own convenience, was not a dedication to public use and conferred no right upon the public as against the owner. The jury were further told that the question whether or not there was a dedication depended upon the facts in evidence as to the

opening of the land, the character of the use by the public, the character of the property, the nature of the land and its surroundings, and all the other circumstances in the case, and if they found that there was an intention to dedicate on the part of the owner, they would be warranted in finding that there was an actual dedication, and in that event their verdict should be in favor of the defendant. A general statement of the doctrine applicable to this case is found in Dillon on Municipal Corporations (4th ed.), sec. 639, as follows : " A street may be widened by the dedication of a strip of land adjoining it and such dedication may be shown by long use by the public and acquiescence in such by the owner. And if the street has been long used and built upon to a particular line, which has been acquiesced in by the adjoining owners, who have built and made improvements to correspond with such line, such owners and the public acquire rights in consequence and one or more of such owners cannot afterwards change or narrow the street by showing that the original survey made the line of the street different from that which had been long regarded, built upon and acquiesced in as the line of the street."

In the present case, we think the question of dedication should have been submitted to the jury. The evidence showed a long use of the strip of ground in question by the public, as part of the pavement. Whether or not this was simply permissive, by the owner, and was accompanied by a course of conduct which would indicate a continued claim of ownership, was for the jury to determine. Whether the owner of the soil gave up the use of the strip to the public, without qualification, or whether he ever attempted in any way to limit the rights of the public therein, were questions of fact. The court should have given to the jury an adequate definition of what facts or circumstances would amount to a legal dedication, and it would then have been for them to find from the evidence and all the circumstances of the case, the existence of facts to fit the definition.

The fifth, sixth and seventh assignments of error are sustained.

The judgment is reversed and a venire facias de novo is awarded.