## Mount Carmel Borough *v.* Lehigh Valley Coal Company.

*Equity—Courts—Condition of record—Appeals.*

On an appeal from a decree of the court below on a bill in
equity, the Supreme Court will refuse to dispose of the case
and remit it for re-trial where the record is voluminous,
the requests for findings of fact and law are numerous and com-
plicated, the answers of the court thereto, in many instances,
confused and conflicting, leaving it uncertain as to what, in
the judgment of the court below, were the facts or the law
of the case, and where in its findings the court below over-
looked or disregarded several of the questions legitimately raised
in the case, and fail to note the obvious difference between some
of the defendants named in the bill.

Argued May 8, 1912.   Appeal, No. 34, Jan. T., 1912,
by the Lehigh Valley Coal Company, from decree of
C. P. Northumberland Co., Equity Docket No. 2, No.
249, on bill in equity in case of Borough of Mount Car-
mel v. The Lehigh Valley Coal Company, et al.   Before
FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCH-
ZISKER, JJ.   Case remanded.

Bill in equity for injunction.   Before SAVIDGE, P. J.
The opinion of the Supreme Court states the case.

*Error assigned,* among others, was the decree of the court.

*D. W. Kaercher,* with him, *S. P. Wolverton, Jr.,* and *F. W. Wheaton,* for appellant.

*George B. Reimensnyder,* with him *D. W. Kehler,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, July 2, 1912:

Owing to the unprecedented delay in disposing of this case in the court below, it is with much regret that we are compelled to remand it and direct that it be heard anew by that tribunal. The bill was filed in September, 1902 and the final decree was not entered until October, 1911. If we were to dispose of the case in the present condition of the record, it would be at the risk of doing injustice to one or the other of the parties and possibly to both. The record is voluminous, the requests for findings of facts and law are numerous and complicated, and the answers of the court thereto are in many instances confused and conflicting, leaving it uncertain as to what, in the judgment of the court below, are the facts or the law of the case. In his findings, the learned judge seems to have overlooked or disregarded several of the questions legitimately raised in the case, and failed to note the obvious difference shown by the facts between some of the defendants named in the bill. In some instances, there are no specific findings of certain facts as to some of the defendants which are necessary to a just disposition of the case as to them. The decree is manifestly erroneous in that it requires the two appellants to forever keep free of culm and open the channel of the creek whether they or the other defendants deposit the culm and cause the channel to be closed. The relief prayed for in the bill was necessarily that each defendant be enjoined from continuing the wrongful acts being

committed by himself, and the relief granted must conform to the prayer of the bill. The appellants are not responsible for the acts of other parties.

The question of multifariousness will depend on the parties defendant as they stand on the record at the time of the trial, and the facts as they appear from the evidence and are found by the court. The plaintiff company can determine by amending the record, if necessary, the parties against whom it can and will ask relief in this proceeding. As to multifariousness in pleading, Judge FREEMAN, in an extended note to Mansfield v. Bristor, 118 Am. St. Rep. 852, points out the distinction between an action at law for damages for maintaining a private nuisance and a bill for injunctive relief, and cites numerous American and English authorities sustaining the distinction.

The case will be tried de novo, without reference to the findings and rulings on the former trial. The facts and the law should be found and stated paragraphically as required by the equity rules with such discussion as the court may deem necessary to a proper disposition of the case. We see no necessity for the one hundred and seventy-five requests for findings of facts and law which were submitted on the former trial. The requests should be fewer in number and stated more clearly and concisely. The case has been pending for ten years and should speedily be disposed of. The testimony on the former trial may be used with such other evidence as the parties may desire to submit.

The decree of the court below is vacated and set aside, and the case is remanded for a rehearing.