## Ahl v. Liggett, Appellant.

*Wills—Construction—Real estate—Trusts — Life estate — Remainder to "heirs"—Rule in Shelley's Case.*

Testator provided by will "I now will and bequeath the three following farms in trust to each of my sons," naming them; "to my son John, I bequeath the Malister farm......He is to have the proceeds of the farm during his natural life and at his death it will fall or pass to his heirs in trust, if he has issue, if not it will revert to his brothers and sisters." Subsequently testator provided by codicil, "Recognizing the difficulties in providing for my different bequests to my family out of my estate.......I hereby make this my last codicil. To my son John, I give and bequeath the Malister Farm, in trust, the Town Mill and Ice house and lot, subject to my wife's dower. I also bequeath to him the warehouse property at Carlisle......I hereby revoke all former bequests made to him. The property......willed to him is all in trust, he shall have the income during his life and at his death it may go to his legal heirs." The son John took possession of the real estate on the decease of his father and had possession of it for a period of more than twenty-eight years, managed it, collected all the rents, paid the taxes thereon and the insurance, and made the necessary repairs. The executor under the will at no time had or assumed charge of the real estate, or collected any of

the rents or income arising from it. Upon a case stated to determine the interest of the son, John, it was held that the trust created was a dry or passive one and that he took a legal estate under the devise; that the intention of the testator was that his son John should take a life estate in the property, with remainder to his heirs, the latter taking not directly from the devisor, but by inheritance through the son, and that under the rule in Shelley's Case, the son took a fee simple title to the property.

Submitted April 27, 1914. Appeal, No. 47, Jan. T., 1914, by defendant, from judgment of C. P. Cumberland Co., Feb. T., 1914, No. 41, for plaintiff on case stated in case of John H. Ahl v. Clarence M. Liggett. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Case stated to determine the marketability of title. Before SADLER, P. J.

In addition to the facts stated in the opinion of the Supreme Court, it appeared that John H. Ahl sold the property known as the Warehouse Property in the Borough of Carlisle, to C. M. Liggett, the defendant, for $6,000, conveyance to be made on or before October 1, 1913. The plaintiff tendered a deed to the defendant for the land, but the defendant refused to accept the deed. Under the case stated, if the court was of opinion that the plaintiff was the owner in fee of the Warehouse Property, judgment was to be entered in favor of the plaintiff for the sum of $6,000; otherwise judgment to be entered in favor of the defendant.

The court entered judgment in favor of the plaintiff for $6,000. Defendant appealed.

*Error assigned* was the judgment of the court.

*Paul Willis* submitted a paper book for appellant.

*S. B. Sadler* submitted a paper book for appellee.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1914:

This is an action of assumpsit to recover the purchase money due on certain real estate sold and agreed to be conveyed in fee by the plaintiff to the defendant who declined to accept the deed on the ground that the plaintiff had only a life estate in the premises. The facts appear by the case stated. The learned court below entered judgment for the plaintiff, and the defendant has taken this appeal.

The plaintiff's title was acquired through a codicil to the will of his father who died in 1885. The testator devised, inter alia, as follows: "I now will and bequeath the three following farms in trust to each of my sons, J. W. Ahl, T. W. Ahl and John H. Ahl...... To my son John H. Ahl, I bequeath the Malister farm containing one hundred and eighty-five acres of land more or less, at a valuation of twenty thousand dollars. He is to have the proceeds of the farm during his natural life and at his death it will fall or pass to his heirs in trust, if he has issue, if not it will revert to his brothers and sisters." Subsequently the testator added several codicils to the will, one of which, dated May 8, 1884, provides, inter alia, as follows: "Recognizing the difficulties in providing for my different bequests to my family out of my estate, as divided in my will of 29th Nov., 1881, and codocil, and codocils of March 3rd, 1882, and March 4th, 1883, and March 19, 1884, I hereby make this my last codocil. To my son, John H. Ahl, I give and bequeath the Malister Farm, in trust, the Town Mill and Ice house and lot, subject to my wife's dower. I also bequeath to him the warehouse property at Carlisle, also the Wise mt. for his farms......I hereby revoke all former bequests made to him. The property and money, or bond, willed to him is all in trust, he shall have the income during his life and at his death it may go to his legal heirs." The testator appointed T. W. Ahl his executor, and constituted him his agent to carry out the provisions of the will. T. W. Ahl is not

referred to in the codicil, nor does it impose any duties on him in connection with the property. It appears from the case stated that John H. Ahl, the devisee, took possession of the real estate on the decease of his father, has had possession of it ever since, a period of more than twenty-eight years, managing it, collecting all the rents, paying the taxes levied thereon and the cost of insurance, making the necessary repairs, and that the executor at no time had or assumed charge of the real estate, or collected any of the rents or income arising therefrom. The widow is dead.

The appellant contends that John H. Ahl, the plaintiff, took an equitable and not a legal estate in the premises in dispute, and that, therefore, the particular estate and remainder did not coalesce, vesting a fee in the plaintiff. It is claimed by the appellant that the property was devised to the plaintiff in trust for life, that the trust was an active and not a dry or passive one, and that, therefore, the life estate was not merged in the remainder creating a fee in the first taker. We do not agree with the appellant's contention that the trust was active or operative, or that the codicil which disposes of the property imposes any duties on a trustee in connection with the real estate devised to the plaintiff. It will be observed that there is no trustee named in the will or codicil, that the devise is directly to the devisee, and that no active or discretionary duties in connection with the possession, control or management of the estate were to be performed by a trustee. It was not a trust for coverture, nor a provision for a spendthrift or a person not sui juris, nor for the preservation of the estate in remainder. There is no provision that the executor or any other person should take possession of and manage and control the property, pay the taxes and the insurance, make repairs, or that he should lease it and collect the rents and pay over the net income to the life tenant. Manifestly, there was no duty for a trustee to perform in connection with the property, and the trust served no

purpose whatever. In a word, the cestui que trust was entitled to the possession, control and whole beneficial enjoyment of the property for life without interference in any way by a trustee. We have uniformly ruled, and the cases are too numerous to be cited, that such a trust is a dry or passive one, executed by the Statute of Uses in the cestui que trust, and that the latter takes a legal estate under the devise.

The devise to the plaintiff in the will, as will be noticed, was revoked by the codicil which gives to the plaintiff the warehouse property at Carlisle which is the property in controversy. The codicil provides: "I also bequeath to him (John H. Ahl) the warehouse property at Carlisle......He shall have the income during his life and at his death it may go to his legal heirs." The learned counsel for the appellant very properly concedes that if the disposition of the property depends upon these words, they vest a fee simple title in the devisee. The devise is simply to one for life and to his legal heirs. We have time and again held that under the rule in Shelley's Case these words create an estate in fee in the first taker. The intention of the testator, as disclosed by his will, was that his son should take a life estate in the property and that the remainder should go to the latter's heirs. He intended the heirs of his son should take the remainder, not directly from the devisor, but by inheritance through the son. The word "heirs" is a word of limitation and not of purchase, and enlarges the estate of the life tenant into a fee simple. Shelley's Rule is clearly applicable. It is a rule of law, and not of construction, and where it is applicable, it prevails regardless of the intent of the testator. His intention is always a preliminary question before the rule can be invoked, but when his intention disclosed by the will, as here, the rule becomes operative and creates an estate in fee or in tail, as the case may be, in the first taker.

The judgment is affirmed.