## Kleinhans *v.* Northampton Traction Co., Appellant.

*Road law—Dedication of street—Evidence.*

Where an owner of a strip of land leases the strip to a street railway company reserving the right to dedicate it to public use, and providing that on such dedication no further payment of rent should be made, the lessee is entitled, in a subsequent suit for rent, to have the question of the actual dedication by the lessor submitted to the jury, where the evidence showed that the situation in the neighborhood of the proposed street had materially changed after the execution of the lease; that a large number of houses had been erected by the lessor or his successor, to the tenants of which a street would be a valuable, if not necessary appurtenance; that a fence on either side of defendant's right of way had been moved so that the full width of the strip had been thrown open to public use; that sidewalks of a permanent character had been constructed; that grades had been fixed by the public authorities; and that poles carrying defendant's wires had been removed to the sidewalks, where openings had been made for them by the lessor in the construction of the sidewalk.

In such a case it is not necessary to show that the public use of the alleged street had continued for a period of twenty-one years and upwards. When dedication is clearly proved, it is as complete in one day as in twenty-one years.

Dedication is a question of an intention. In some instances the owner, by a single act, has furnished such unequivocal evidence of his intention to dedicate that he could not thereafter gainsay the fact. But the existence of the intention may be shown by a series of acts, all consistent with and pointing to the intention, even though no single act relied on would conclusively establish it.

Argued Dec. 9, 1914. Appeal, No. 146, Oct. T., 1914, by defendant, from judgment of C. P. Northampton Co., Dec. T., 1913, No. 36, on verdict for plaintiff in case of Katherine B. Kleinhans v. Northampton Traction Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Reversed.

Assumpsit for rent.

BARBER, J., charged as follows:

In this issue the plaintiff, Katherine Kleinhans, seeks to recover from the defendant, The Northampton Traction Company, the sum of $130.00 as rent, which she alleges is due her from the defendant for the use of a certain tract of land in the City of Easton lying in Spring Garden street, east of Thirteenth street, under and by virtue of a certain lease entered into October 9, 1905, between John Barnet of the City of Easton and the Northampton Traction Company wherein it is provided that the lessor has demised or leased a certain strip of land twenty-four feet in width running east and west through the property of the said John Barnet, situated in the said City of Easton, between Twelfth and Thirteenth streets, yielding and paying therefor the rent of $120.00 payable monthly on the first day of each and every month. The lease further provides that the making of the lease by the said John Barnet is not to be construed in any way as a dedication of said land to

public use or as consent on the part of the said John Barnet to the opening of Spring Garden street as a street through the property of the said lessor. In the event, however, that the said lessor should desire during the term thereof to dedicate said land to public use as a public street, or if proceedings should be taken by the city to open Spring Garden street as a public street during said term, and the same should be declared a public highway, "the rental herein reserved is to cease and be at an end from the day that the said street is opened and dedicated to public use, whether by the lessor herein named or by the City of Easton." It appears by the evidence that the lessor, John H. Barnet, died April 5, 1912, and by his will duly probated in the proper office in Northampton County he named John J. Barnet as his executor, and by endorsement on this lease, bearing date of October 1, 1912, this lease and the moneys due or to become due thereon after October 1, 1912, "is hereby assigned and transferred to Katherine A. Kleinhans, her heirs and assigns." In pursuance of this lease the defendant company seems to have taken possession of this strip of land lying on Spring Garden street, and that they paid rent to October 1, 1912. From and after October 1, 1912, the defendant company refused to pay the rent under this lease, claiming that they were no longer liable under its terms, which provided that the lease should cease upon a dedication by the lessor or his assignee or in pursuance of proper proceedings on the part of the municipal authorities. There is no evidence in this case as to any action on the part of the municipal authorities laying out Spring Garden street between Twelfth and Thirteenth streets as a public street; but the defendant claims that there was a dedication of this street to public use by John Barnet and his successor in title, Katherine A. Kleinhans. You have heard the evidence as to what was done by the lessor, John Barnet, and the present plaintiff. By reason of the view that the court takes of this evidence and its effect in this is-

sue, the court does not deem it necessary to review this evidence or to lay down to you the principles of law governing the dedication of streets.

Under the evidence the verdict must be for the plaintiff.

Verdict and judgment for plaintiff for $163.75 upon which judgment was subsequently entered for $138.90.

*Error assigned* amongst others was in giving binding instructions for plaintiff.

*J. W. Fox*, with him *E. J. Fox*, for appellant, cited: P., F. W. & C. Ry. v. Dunn, 56 Pa. 280; Walters v. Philadelphia, 208 Pa. 189; Griffin's App., 109 Pa. 150; Schenley v. Com., 36 Pa. 29.

No printed brief filed for appellee.

OPINION BY HEAD, J., October 11, 1915:

At the time of the execution of the lease on which this action is founded, both of the parties to it contemplated the opening of Spring Garden street. The lease was made in October, 1905. The lot of ground, the subject of the lease, was described as "being in the line of Spring Garden street in said city, not yet opened." The right conferred on the lessee was to continue, and the rent reserved by the lessor was to be paid "until such time as Spring Garden street herein referred to shall be opened to public use by appropriate proceedings by the City of Easton." The lessor further reserved unto himself the right to dedicate the said strip of land to public use in the following language: "In the event, however, that the said lessor should desire during the term either to dedicate the said land to public use as a public street, or, if proceedings should be taken by the city to open Spring Garden street as a public street, ......the rental herein reserved is to cease," etc. The lessor died in 1912. In the settlement of his estate, his

daughter, the present plaintiff, accepted a deed from the executors and an assignment of any rental due under the lease. In the deed, under which she claims, the ground in question is thus described: "The vacant lot situate on the east side of North Thirteenth street in the City of Easton aforesaid, being Spring Garden street," etc.

In the present action the plaintiff sought to recover about one year's rental which she claimed had accrued under the terms of the lease and remained unpaid. The defendant's contention was that there had been in fact a dedication of the said strip of ground to the public; that it had passed into public use, and that the city, by a proper ordinance, had accepted the dedication whereby Spring Garden street had become, both in law and fact, one of the public streets of the city; that as a consequence the right to collect further rental had, by the very terms of the lease, expired. At the trial the controlling, if not the single question to be determined was whether or not there was evidence which would warrant a finding that there had been a dedication by the owner of the strip of ground in question. The learned trial judge rejected many offers of testimony on the part of the defendant and finally directed a verdict in favor of the plaintiff. Because of these rulings the defendant appeals.

It has been many times held that in such cases dedication is a question of intention. In some instances the owner, by a single act, has furnished such unequivocal evidence of his intention to dedicate that he could not thereafter gainsay the fact. But the existence of the intention may be shown by a series of acts, all consistent with and pointing to the intention, even though no single act relied on would conclusively establish it. It was upon proof of this character the defendant relied. It was shown, or offered to be shown, that the situation in the immediate neighborhood of the proposed street had materially changed after the execution of the lease.

A large number of houses had been erected either by the lessor or the present plaintiff or the husband of the latter, to the tenants of which a street, or at least a way would be a valuable if not necessary appurtenance. The fence on either side of the defendant's right of way in the middle of the proposed street, required by the lease, had been removed so that the full width had been thrown open to public use; sidewalks had been constructed of a permanent character; grades had been fixed and given by the city engineer; the poles carrying the defendant's electrical power line had been removed from the street to the sidewalks, where openings had been made for them by the owner in the construction of the sidewalk. All of these things had been done without the slightest objection or complaint on the part of the owner even where they had not been done by the owner himself. It was not necessary, in order to make such evidence competent, to show that the public use of the alleged street had continued for a period of twenty-one years and upwards. It was not the contention of the defendant that this had become an open way by prescription. On the contrary, the effort was to show such a line of conduct on the part of the owner in the development of the adjacent property—in the things that were done on and about the very strip of ground in question to aid and advance the public use of it—as would support the conclusion there had been in fact a dedication of the ground to public use, and the public had informally and formally as well accepted the dedication. Assuming the truth of everything contained in the rejected offers, we do not think the learned trial court could have declared, as matter of law, there was no evidence to show an intention to dedicate. As we have seen, the original owner clearly contemplated, in the lease, the likelihood that the strip of ground would shortly become a public street. If the city did not proceed adversely to lay out and open the street, the owner himself reserved the right to dedicate the strip to public

use, and thereupon provided that no further payment of rent should be made. Did he exercise the right he thus reserved? As we view it, this became a question for determination by the jury under all of the evidence after proper instructions from the court.

The law to be applied in cases of this character is fully and elaborately discussed by Mr. Justice POTTER in Waters v. Philadelphia, 208 Pa. 189. The learned justice quotes with approval the following language from Griffin's App., 109 Pa. 150: "Dedication is a matter of intention, and when clearly proved, it is as complete in one day as in twenty-one years." It was further shown that in the case of Weiss v. Bethlehem Boro., 136 Pa. 294, there was present the same controlling question we have now before us, to wit, the question of intention to dedicate. The question in that case was submitted to the jury. They were properly instructed that a mere permissive use by the public of a strip of ground left open by the owner for his own convenience in the conduct of his business would not amount to a dedication. "The jury were further told that the question whether or not there was a dedication depended upon the facts· in evidence as to the opening of the land, the character of the use by the public, the character of the property, the nature of the land and its surroundings, and all the other circumstances in the case, and if they found that there was an intention to dedicate on the part of the owner, they would be warranted in finding that there was an actual dedication," etc. In concluding his opinion in Waters v. Philadelphia, Mr. Justice POTTER uses language that in our judgment is perfectly applicable to the case before us and truly indicates the manner in which it should have been tried. "In the present case we think the question of dedication should have been submitted to the jury. The evidence showed a long use of the strip of ground in question by the public, as part of the pavement. Whether or not this was simply permissive, by the owner, and was accompanied

by a course of conduct which would indicate a continued claim of ownership, was for the jury to determine. Whether the owner of the soil gave up the use of the strip to the public, without qualification, or whether he ever attempted in any way to limit the rights of the public therein, were questions of fact.    The court should have given to the jury an adequate definition of what facts or circumstances would amount to a legal dedication, and it would then have been for them to find from the evidence and all the circumstances of the case, the existence of facts to fit the definition."

Some of the offers covered by the assignments are not quite self-explanatory.    They refer to maps of certain dates which may have been easily understood by the trial judge and the jury, but these exhibits are not printed and it is not, as we have said, entirely clear for what evidential purpose they were offered.    But without going further into detail, we have indicated the reasons why the case must be retried and the lines along which the trial should be conducted.

The judgment is reversed and a venire facias de novo awarded.