**MANUFACTURERS' LIGHT & HEAT CO. v. AMERICAN TELEPHONE & TELEGRAPH CO.**

(Circuit Court of Appeals, Third Circuit. May 2, 1925.)

No. 3278.

**1. Dedication ☜45—Evidence held to justify submission to jury of issue of owners' dedication of land as highway.**

Evidence of 50 years' user by public with owners' consent *held* to justify submission to jury of issue of owners' dedication of land to public as highway.

**2. Gas ☜20(4)—Gas company's negligence in failing to bury pipe under highway held for jury.**

Under Pennsylvania statutes giving natural gas companies right to cross public highways

with their pipe lines, but requiring pipes through agricultural lands to be buried at least 24 inches below surface, *held*, that court properly submitted to jury questions of company's negligence in failing to bury pipe 24 inches under surface of highway, and whether such negligence caused burning of plaintiff's motor truck passing over pipe.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Action by the American Telephone & Telegraph Company against the Manufacturers' Light & Heat Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Weil, Christy & Weil, of Pittsburgh, Pa. (F. T. Weil and A. Leo Weil, Jr., both of Pittsburgh, Pa., of counsel), for plaintiff in error.

Patterson, Crawford, Miller & Arensberg, of Pittsburgh, Pa. (Lloyd G. Reynolds, of Philadelphia, Pa., and C. F. C. Arensberg, of Pittsburgh, Pa., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, the telephone company brought suit and recovered a verdict against the gas company for damages for the loss of its auto truck, burned by natural gas escaping from the gas company's pipe while the truck was passing over it. On entry of judgment thereon, the gas company sued out this writ of error.

[1] Legal liability of the gas company depends on whether the pipe in question was laid under a public highway, and, if so, whether the gas company was negligent in not burying it 24 inches under such roadway. The accident is described in the gas company's argument as follows: "The truck of the defendant in error, while being driven along a narrow dirt road traversing the private property belonging jointly to one Watson A. Reel and one Ellis Reel, in or near the borough of East Bellevue, Pa., became stalled on the up-hill grade. This dirt road was a short road on the Reel property, connecting or acting as a short cut between two public roads in or near the borough of East Bellevue, Pa. Adjacent to and parallel with this dirt road, on the Reel property, there was a borough road, not on the Reel property, called Fourteenth alley, laid out on the borough maps, but never actually constructed into a street."

The testimony of Watson A. Reel was as follows: "Q. Do you know an old road along the line of the township there that connects up with Cornell course? A. Yes, sir. Q. What is it known as? A. It is known as Williams street, or Williams road. Q. How long has the public used that road? A. Well, between 40 and 50 years, anyway; as long as I can remember. Q. Has it always been open and used? A. Yes, sir. Q. Where did that road go up there? A. Why, that road left the Spruce Run road and connected with the road going to Perrysville. Q. Was that much used before Perrysville avenue was paved? A. Well, now, it was used before the Spruce Run road was open. That was the only outlet people had from Spruce Run out to the Perrysville road."

The testimony of Ellis Reel, the brother of Watson Reel, was: "Q. Do you know the old road that runs along the dividing line between Ross township and Westview borough? A. Yes, sir. Q. Do you own property on each side of that? A. On each side of this road, do you mean? Q. Yes. A. Yes; we do, after it gets to the top of the hill, up to the borough line. Q. Has the public used that road for any length of time? A. Used it as long as I can remember. Q. How long can you remember? Are you older than your brother? A. Yes; two years older. I can remember back when I was a boy about that road. Q. Where did it go? Did it connect with any other road? A. It connected with the Spruce Run road."

It will be noted, of course, that we have not here in issue the duty of either of the abutting municipal bodies to maintain this road, or their several liability for injuries resultant from negligence in so doing; but the present case concerns only the right of the telephone company as a part of the public to run its truck along such roadway as a public highway. With 50 years' use by the public of the roadway proven, and the owners of the land testifying to such use and their consent thereto, there can be no question under pertinent Pennsylvania authorities (Waters v. Philadelphia, 208 Pa. 192, 57 A. 523; Commonwealth v. Cole, 26 Pa. 189; Pittsburgh, etc., v. Dunn, 56 Pa. 285) of the courts being justified in submitting to the jury the question of the dedication of this land by the owners thereof to public use as a highway; and, if so found, the legal right of the telephone company to run its truck along the same is clear.

[2] Such being the status of the road and the right of the public as fixed by the verdict, we next inquire what right had the gas

company to cross such public road by its gas lines. No claim is made of any voluntary grant of crossing by the owner, of an enforced crossing under condemnation proceedings by virtue of the right of eminent domain or of any municipal ordinances, and the only way in which a Pennsylvania gas company can in any way justify its crossing of the roadway in that state must be found in that state's statutes, quoted by the court in its charge, which gives to natural gas companies the right of eminent domain for natural gas pipe lines, which "shall include the right to appropriate land upon or under which to lay said lines and locate pipes upon and over, under and across, any lands, rivers, streams, bridges, woods, streets, lanes, alleys or other public highways." But this act embraces also the provision "that any pipe line laid under the provisions of this act, or laid upon or over land cleared and used for agricultural purposes, the same shall be buried at least twenty-four inches below the surface," etc. In the light of the quoted proofs and of the court's construction of the statute, with which construction we agree, the court below properly left, three questions to the jury, viz.: First, whether the place of the injury was a public highway; and, if it was, then, secondly, whether the gas company was negligent in complying with its statutory duty to bury the pipe; and, lastly, whether such negligence caused the injury.

We find no error either in the fact or the terms of such submission, and we therefore affirm the judgment.