## Commonwealth ex rel. v. First National Bank of Danville, Exec., et al.

*Fred C. Morgan*, Deputy Attorney General, *Michael Kivko*, Special Deputy Attorney General, and *Claude T. Reno*, Attorney General, for Commonwealth.

*L. G. Rarig*, for executor.

*J. Manley Robbins*, for Philadelphia National Bank.

*John M. Stevens*, for Girard Trust Company.

KREISHER, P. J., January 9, 1943.—Plaintiffs filed this bill in equity to restrain defendants from interfering with the present use of certain premises which plaintiffs allege were dedicated by Frank E. DeLong

for school purposes. One of the defendants, the First National Bank of Danville, Pennsylvania, is the executor of the estate of Frank E. DeLong. The other two defendants are creditors of that estate. The bill alleged that defendants threatened to have the premises sold as the property of Frank E. DeLong for the payment of his debts.

Defendants filed preliminary objections to the bill, alleging that the dedication of the property by Mr. De Long was null and void for failure to comply with (1) section 4 of the Act of April 22, 1856, P. L. 532, known as the statute of frauds, and (2) section 11 of the Act of April 26, 1855, P. L. 328, as amended. The court, in an opinion filed March 18, 1941, overruled and dismissed the objections, holding that neither of these statutes applied to dedications.

On March 21, 1941, the court, in a supplementary opinion, directed defendants to file an answer to the bill within 30 days, under penalty of having the bill taken pro confesso. No answer was ever filed. The bill was taken pro confesso.

The matter is now before us on motion for a final decree. Under Equity Rule 51, all the facts stated in the bill are presumed to be true. After considering the uncontradicted allegations in the bill and the briefs of law submitted in connection therewith, we make the following

*Findings of fact*

1. By virtue of a deed from Alfred A. Switzer, dated June 26, 1924, and recorded on June 27, 1924, in the office of the Recorder of Deeds in and for Montour County, Pa., in deed book vol. 37, p. 702, Frank E. DeLong, late of the Borough of Washingtonville, said county and State, became the owner in fee of . . .[a certain tract of land].

2. During the year 1930, Frank E. DeLong erected a school building, in conformity with the rules and reg-

ulations, and with the coöperation and approval, of the State Council of Education and the Department of Labor and Industry of the Commonwealth of Pennsylvania, equipped it for use as a combined grade and vocational junior high school, and named it the DeLong Memorial School.

3. On or about November 28, 1930, Frank E. De Long, while seized of the premises, placed a bronze tablet in the hallway of the school, which read as follows:

"This School Building was erected, donated and dedicated to the youth of this community by FRANK EMERSON DELONG as a memorial to his Family, with the hope and confidence that it may be the means of offering advanced opportunities to the boys and girls of future generations to become God-fearing, worthy and substantial citizens of their Country.

"It is the express wish of the donor that no form of atheism shall ever be taught within its walls, to the end that reverence for God, respect for authority, and loyalty to Country shall be maintained."

"THANKSGIVING DAY 1930"

4. On or about November 28, 1930, Frank E. De Long offered to dedicate the said premises to the public for the uses and purposes set forth in the bronze tablet.

5. The offer of dedication was made to and was accepted by the School District of Derry Township, Montour County, Pa., and the School District of the Borough of Washingtonville, Montour County, Pa., jointly, in behalf of the public, in a public meeting held in the said school on November 28, 1930.

6. Prior to November 28, 1930, the School District of Washingtonville Borough owned and maintained one school building and the School District of Derry Township owned and maintained five school buildings for the education of the children of their respective school districts.

7. After November 28, 1930, the school districts abandoned and sold their school buildings, and have continuously since jointly used the dedicated school building and premises aforesaid as the only grade school and junior high school for the children of these districts.

8. Since November 28, 1930, the said school districts, with the knowledge, approval and assent of Frank E. DeLong, have exercised sole control and management of the premises, have maintained the premises, and made valuable improvements thereon.

9. Frank E. DeLong died on February 15, 1939.

10. Within a year of Mr. DeLong's death the Girard Trust Company, trustee for sundry trusts, filed an action in assumpsit against The First National Bank of Danville, executor of the estate of Frank E. DeLong, deceased, in the Court of Common Pleas of Montour County to no. 6, September term, 1939, for the purpose of obtaining a deficiency judgment on decedent's $400,-000 mortgage bond, and has threatened to issue execution on said judgment and levy upon and sell the said premises as the property of Frank E. DeLong.

11. Within a year of Mr. DeLong's death, the Philadelphia National Bank instituted an action in assumpsit against the said executor in the same court to no. 20, February term, 1940, for the purpose of obtaining a judgment on decedent's note of $50,000, obtaining a lien on the said premises and interfering with the present use of said premises.

12. The First National Bank of Danville, Pa., executor of the estate of Frank E. DeLong, on December 21, 1939, presented a petition to the Orphans' Court of Montour County, for the sale of the real estate of the said decedent for the payment of debts, and included the said premises in its description of decedent's real estate. On objection, the court excepted the said premises from the order of sale made in this petition without

prejudice to or favor of any of the parties. The executor, however, since the filing of said order, has threatened that it may be compelled by alleged duties of its appointment again to petition the court to sell said premises.

## Discussion

Dedication is the intentional appropriation of land by the owner to some proper public use: 16 Am. Jur. 348. It is the joint effect of the offer of the owner to dedicate land and acceptance of such land by the public: Trustees of the Philadelphia Museums v. Trustees of the University of Pennsylvania, 251 Pa. 125, 132. The offer may be expressed in any manner which sufficiently indicates the owner's intention to dedicate: Gowen v. The Philadelphia Exchange Co., 5 W. & S. 141, 142; Waters v. Philadelphia, 208 Pa. 189.

The facts set forth in plaintiff's bill adequately establish the parol dedication by Frank E. DeLong of the premises in question to the public and charitable uses expressed in the bronze tablet which he had placed in the hallway of the school he erected.

The courts in Pennsylvania, in protecting the interests of the public in parol dedications to charitable uses, have followed the general principles applied to regular charitable trusts. The kinship between trusts and dedications is traceable to their membership in the family known as "Charities": Zollman, The American Law of Charities, secs. 217, 218.

In the case of McLain et al. v. School Directors of White Township, 51 Pa. 196, Agnew, J., denying a donor the right to repossess a tract of land which he had given 15 years before for the erection of a school, said (pp. 198, 199):

"When an owner of ground devotes it to a charity, public in its nature, and permits those to whom he commits control to improve it for the object of the dedication, giving to it his consent and countenance, and en-

couraging his neighbours and others interested in the use to expend their money and labour in its improvement, and to enter in good faith upon its enjoyment, for the purposes intended, the case is not within the Statute of Frauds. *Though the transaction be by parol, and the legal title was not conveyed, he would be held in equity as a trustee of the title for the subscribers, or those participating in the erection of the building—and they in turn are regarded as trustees of the charity.* Equity supports the estate for them, and will control it for the use of the beneficiaries.

"The doctrine that charities are to be supported when they reasonably can be, involves a principle which covers this case. . . . Unlike a bargain between individuals, who deal with each other at arms' length, such a dedication involves a trustful dependence in the good faith of the donor; and the expenditure of money in the building for the use of the charity under his eyes, breeds the same confidence in his sincerity which lies at the bottom of equitable estoppel. Why should he be permitted to resume his ground with the building upon it? *Equity will now estop and hold him as a trustee of the legal title for the benefit of the charity he assisted to establish.*" (Italics supplied.)

In the case of The School Directors v. Dunkleberger, 6 Pa. 29, five congregations who owned a farm dedicated a part of it to public use for the purposes of a school, which was later built by the inhabitants. It was used for a time under the voluntary system; when the general school law went into effect, it began to be used by the school directors who held it until defendant, who in the meantime had purchased the entire farm, turned the teacher and scholars out of doors, and locked up the school. The school directors brought an action of ejectment which the court sustained. It said (p. 32):

"The ground was dedicated to public use, to accomodate the people of the neighbourhood with a school; but

whether under the one system or the other, was not said, nor is it material: it is enough that it answered the end designated under either . . . it did not lie with the *defendant, who was no more than the depository of the legal title, to object.*" (Italics supplied.)

In Beaver v. Filson, 8 Pa. 327, a church was built on a tract of land given by the owner, Werner, for that purpose and was later sold on an execution issued against Werner. The purchaser on the execution brought an action of trespass against a member of the church congregation who kept the church keys. In affirming the judgment for defendant, the court said (pp. 334, 335):

"Werner stood seised of the premises as trustee for the use of the . . . congregations worshipping at that church. . . . It is a dedication . . . *if necessary, . . . a title may be made to another trustee for the use of the beneficiaries in the trust* . . . In Pennsylvania, religious and charitable institutions have always been favoured, without respect to forms." (Italics supplied.)

In Martin v. McCord, 5 Watts 493, 494, the purchaser of a tract of land from the heirs of one who made a parol dedication of it to school use was also denied any right to maintain an action of trespass against those who built and used the school.

"The title became vested in the subscribers and contributors . . . they hold it, not for themselves, but as trustees, for the purposes originally designated."

In Pott v. The School Directors of Pottsville, 42 Pa. 132, the right of school directors to build a new school on a lot orally dedicated 40 years earlier to school and burial uses was challenged by a descendent of the original dedicator. The right of the school directors was upheld. In that case the donor, unlike Frank E. DeLong, did not entrust the management of the property he was dedicating to any specific group. Nevertheless, the court referred to the school directors as those *"who*

*are now trustees of the lot for the uses to which it was dedicated."* (Italics supplied.)

All five of these cases deal with parol dedications to charitable uses. They establish the following basic principles governing such completed dedications: (1) The dedicator retains the legal title as a dry or passive trustee; (2) he is divested of all equitable interest in the property dedicated; (3) the court may declare the legal title vested in the group to whom the dedicator gave the control, management, and maintenance of the dedicated property or its successor or successors, said title to be held, however, for the charitable uses to which the property was dedicated.

These propositions developed by our courts as the law of parol dedications to charitable uses are in thorough keeping with our law of trusts as affected by the Statute of Uses. Where there is no duty for a trustee to perform in connection with the property, the trust serves no purpose whatever. Such a trust is a dry or passive one, executed by the Statute of Uses in the cestui que trust and the latter takes a legal estate: Ahl v. Liggett, 246 Pa. 246, 249.

Of course, the Statute of Uses will not execute the trust which rests with the group managing the property—like the school districts—for the reason that the duties of such trustees are active, not passive, and for the further reason that the statute does not execute a use upon a use: A. L. I. Restatement of the Law of Trusts, §71.

The parol dedication cases we have cited evidence the recognition of the double trusteeship and the readiness of the courts to execute the first, the dry or passive trust, and to declare the legal title vested in active trustees for the uses to which the property was dedicated. The principle of equity underlying such action is that equity will consider that done which ought to be done: Carson et al. v. Fuhs et al., 131 Pa. 256.

DeLong is dead. The control and management of the property on which he erected the DeLong Memorial School, and which he dedicated to the public, he specifically entrusted to the two school districts jointly. They have since exercised sole control and management. They have maintained the property and spent considerable sums of money for its improvement. The original trust in DeLong served no purpose. The real trustees of the property are the two school districts who now hold the legal title for the uses he declared.

Since DeLong had no reversionary or other interest in the property at the time of his death, it follows that his executor, heirs, or creditors cannot acquire any,

In the light of the foregoing discussion, there are drawn the following

### Conclusions of law

1. Frank E. DeLong, on November 28, 1930, dedicated the premises in question to the following public and charitable uses and purposes: The furnishing of advanced opportunities to the boys and girls of future generations to become God-fearing, worthy, and substantial citizens of their country; the prohibition of the teaching of any form of atheism thereon and the maintenance of reverence for God, respect for authority, and loyalty to country.

2. After the dedication, Frank E. DeLong retained the legal title as a dry or passive trustee.

3. After the dedication, Frank E. DeLong had no equitable interest in the property.

4. Title in fee simple to the said premises is now vested in the School District of Derry Township, Montour County, Pa., and the School District of the Borough of Washingtonville, Montour County, Pa., jointly, said title to be held, nevertheless, for the uses and purposes above mentioned to which the premises were dedicated by Frank E. DeLong.

5. The estate of Frank E. DeLong has neither a legal nor equitable interest in the premises and defendants as executor and creditors respectively of said estate have no interest therein.

## Decree

And now, January 9, 1943, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

1. Title in fee simple to the said premises is now vested in the School District of Derry Township, Montour County, Pa., and the School District of Washingtonville, Montour County, Pa., jointly, said title to be held, nevertheless, for the uses and purposes to which the premises were dedicated by Frank E. DeLong, to wit: The furnishing of advanced opportunities to the boys and girls of future generations to become Godfearing, worthy, and substantial citizens of their country; the prohibition of the teaching of any form of atheism thereon; and the maintenance of reverence for God, respect for authority, and loyalty to country.

2. The First National Bank of Danville, Pa., executor of the estate of Frank E. DeLong, deceased, Girard Trust Company, trustee, and the Philadelphia National Bank, defendants, and each of them, their agents, servants, and employes, are perpetually enjoined from in any manner levying upon, selling, offering for sale, or petitioning for sale as part of the estate of Frank E. DeLong, deceased, the whole or any part of the said premises.

3. Defendants, the First National Bank of Danville, Pa., executor of the estate of Frank E. DeLong, deceased, Girard Trust Company, trustee for sundry trusts, and the Philadelphia National Bank, as creditors of the said estate, and each of them, their agents, servants, and employes, are perpetually enjoined from interfering with the title to or interest in said premises of the said school districts in the use and possession

thereof, and from in any manner obstructing, diverting, or interfering with the use of said premises for school purposes.

4. Defendants shall pay the costs of these proceedings.

The prothonotary will enter this final decree and give notice to the parties, or their counsel of record, of the entry thereof.