## Pittsburg, Appellant, *v.* Consolidated Gas Company.

*Taxation—Local taxation—Real estate—Gas company.*

A gas company is not taxable by a city for any portion of twelve acres of real estate owned by it, where it appears that nearly half the acreage is occupied by the gas plant itself, and the remainder is used for dumping cinders and other refuse from the works, for storage of coal, pipe, etc., necessary for the business of the company, for emergencies, and that the company contemplated using such portion to enlarge its plant for its increasing business.

Argued April 10, 1907.    Appeal, No. 23, April T., 1907, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., March T., 1903, No. 342, on verdict for defendant in case of City of Pittsburg v. Consolidated Gas Company. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur municipal lien for taxes.    Before BROWN, J.

The court charged as follows:

[This property held by the company was a property that they had the right to put their buildings upon, which means tanks, retorts and everything that goes to the manufacture of gas. It had, in addition to that, the right to use the property for everything that helped to produce the gas ; storage of coal,

storage of pipes for the distribution of gas. They had the right to use it if you believe they used it in good faith, for dumping purposes, because the refuse from a large plant accumulates rapidly. As the testimony shows, it runs into many tons daily or into several carloads daily. If that had to be transported by this company over a large distance for dumping purposes, the expense perhaps would be very great, and that expense the company would have to get back in some way out of its general business in order to get a fair revenue. It would mean, perhaps, an increase in the price of gas. It may be that gas can be reduced in price, but every additional bit of cost, as, for instance, the cost of transporting the dumping material over a long distance rather than dumping on a piece of ground adjoining, and convenient and cheap for that purpose— the difference would run very rapidly into large amounts of money.] [1]

[If the weight of the evidence satisfies you that this company purchased this property in good faith for its corporate purposes, the manufacture and distribution of gas, and incidentally, in connection with that purpose, used it for the storage of coal, the storage of pipes and largely used it for dumping purposes in 1901 and preceding that year and all the way down to the present time and will continue to use it, as I believe the testimony shows, for dumping purposes, until filled, then we think, gentlemen, that the verdict should be for the defendant, the gas company.] [2]

[The company, when buying property, does not have to purchase at the time it is about to build its plant just so much ground as is necessary at that time. It has a right to anticipate the future; that, as the city grows, as the demand for gas grows, a larger plant will be necessary not only for building, but for every purpose that helps to bring about the production and distribution of gas at the lowest possible rate, perhaps, consistent with a fair profit.] [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* were (1–3) above instructions, quoting them.

*A. M. Thompson,* with him *W. B. Rodgers,* for appellant.— Property of quasi public corporations, in order to be exempt

from taxation, must be necessary and indispensable to the exercise of the corporate franchises, and land which is merely convenient or desirable for the exercise of the franchises is not exempt: Railroad Co. v. Berks County, 6 Pa. 70 ; West Chester Gas Co. v. Chester County, 30 Pa. 232; Roaring Creek Water Co. v. Girton, 142 Pa. 92; County of Erie v. Erie & Western Transportation Co., 87 Pa. 434; Pennsylvania, etc., Canal & R. R. Co. v. Vandyke, 137 Pa. 249; Shamokin Valley R. R. Co. v. Livermore, 47 Pa. 465 ; Pittsburg, etc., Bridge Co. v. Com., 4 Sadler, 153.

It is the present existing use of the property of a quasi public corporation that entitles to an exemption, not its prospective use, and the defendant's claim that this property is held for possible future extensions, establishes the fact that it is taxable now : Pittsburg v. Presbyterian Church, 20 Pa. Superior Ct. 362 ; Mullen v. Commissioners of Erie County, 85 Pa. 288 ; Philadelphia v. Barber, 160 Pa. 123 ; Moore v. Taylor, 147 Pa. 481.

*Samuel McClay*, with him *Reed, Smith, Shaw & Beal*, for appellee.—How much land is essential for corporate purposes must be determined by the corporation, and, in the absence of evidence of bad faith or abuse of its powers, there is a conclusive presumption that it has acquired and holds no more property than is absolutely necessary: People's Pass. Ry. Co. v. Taylor, 22 Pa. Superior Ct. 156 ; Philadelphia v. Ward, 174 Pa. 45; Pennsylvania R. R. Co.'s App., 3 Pa. C. C. Rep. 162 ; Lodge v. Philadelphia, etc., R. R., 8 Phila. 345 ; Penna., etc., Canal & R. R. Co. v. Vandyke, 157 Pa. 249 ; Western New York, etc., R. R. Co. v. Venango County, 183 Pa. 618.

OPINION BY MORRISON, J., October 7, 1907 :

This was a suit of the city of Pittsburg to collect from the Consolidated Gas Company local taxes assessed on land for the year 1901. It is conceded that the gas company, appellee, was incorporated under an an act of assembly of this commonwealth, entitled, " An act to incorporate the Consolidated Gas Company," approved May 19, 1871, P. L. (1872) 1309. This act provided that the company " shall be organized, managed and governed as provided by the act regulating gas and water com-

panies, approved the 11th day of March, Anno Domini, one thousand eight hundred and fifty-seven, and subject to all the restrictions and provisions, together with the immunities contained in said act." The powers conferred upon gas companies by the Act of April 29, 1874, P. L. 73, are identical with those contained in the act of 1857.

The appellant concedes that the gas company is entitled to hold so much real estate, exempt from local taxes, as is reasonably necessary and indispensable for the manufacture and distribution of gas, but contends that the 6.75 acres of land, the assessment of which gives rise to the present suit, is subject to local taxation.

In 1901, the gas company owned a tract of land in the fourteenth ward of the city of Pittsburg, containing twelve acres, and extending from Second avenue to the Monongahela river; upon which land were located its works, consisting of retort, purifying, scrubbing, condensing, meter and cold storage houses for the manufacture, storage and distribution of artificial gas to the public in the cities of Pittsburg and Allegheny, comprising a population of over 500,000 people. The entire property was used exclusively by the appellee, which derived neither directly nor indirectly any revenue therefrom, other than from the sale of gas to the public. This twelve acre lot of land was purchased by the appellee as one property for its corporate purposes. Of the twelve acres, the assessor of the city of Pittsburg exempted 5.25 acres, and assessed 6.75 acres. The land so assessed was used by the appellee for the deposit of its cinders and other refuse matter taken from the furnaces and other places used for the manufacture of gas. The grade of this property was below the level of Second avenue, and the appellee began depositing the said cinders at the river and continued the filling toward Second avenue, and, after filling, the high ground was used for the storage of coal, pipe, etc., necessary in its business, and the appellee claimed to reserve this land for the exigencies of its business and the construction of additional plant when required by the needs of the public. The cinder deposited amounted to several car loads daily, and it was deemed necessary that the land be filled with cinder or other substance before additions or extensions could be made to the plant.

The appellee defended on the ground that the land assessed was part of its corporate property, being used in the manufacture of artificial gas, and that it was necessary and essential to the carrying on of the business of manufacturing and supplying artificial gas for illuminating purposes; and further, that the land was necessary for the purposes of the appellee in emergencies and in the event of enlarging and extending its plant, made necessary by increased business.

The court below submitted the case to the jury to determine whether this land was used in good faith by the appellee for the manufacturing and supplying of artificial gas to the public, and whether it was an essential part of appellee's plant. The jury found these questions in favor of the appellee.

The learned counsel for the appellant contend that the appellee's plant did not occupy the assessed land and that it was not a necessary part of the plant, but concede that it might be convenient. It is contended that the court erred in submitting to the jury the question of whether the land was used in good faith by the appellee as above stated. We do not think this was error and we are disposed to attach some importance to the finding of the jury upon this question, and the approval thereof by the court below, evidenced by the judgment in the case. We think the evidence clearly shows that the whole twelve acres were purchased for the appellee's corporate purposes, and whether there was more land than was needed for the plant and that some of it ought to be subject to local taxation, seems to be a question of fact.

In West Chester Gas Co. v. The County of Chester, 30 Pa. 232, the Supreme Court held that the works of an incorporated gas company were not taxable as real estate. But dwelling houses erected by the company for the residence and accommodation of their workmen, are liable to taxation. The court said: "The gas works are clearly exempt; but the dwelling houses do not appear necessary to the performance of the company's proper work. On the other hand, they are stated to have been erected for the accommodation of their workmen. This is convenience, not necessity." Giving the doctrine of this case its full weight does not enable us to say, as matter of law, that the present appellee could not purchase twelve acres of land and devote the whole of it to the construction and oper-

ation of its gas plant, storage, etc., so that the same would be exempt from local taxes as real estate for county purposes.

In Coatesville Gas Co. v. County of Chester, 97 Pa. 476, Mr. Justice MERCUR (p. 481) said : " The principle which appears to be recognized is that the public works of a corporation, used as such with their necessary appurtenances, shall be exempt from taxation as land, but be subject to it in another form, and that a gas company so far partakes of the nature of a corporation for public purposes as to be subject to the same rule : Northampton County v. Lehigh Coal and Nav. Co., 75 Pa. 461 ; Same v. Easton Gas Co., not reported." That case was an attempt to assess the lot on which the company's plant was located as land, like the present case, but it does not appear how much land was embraced in the contention. It does, however, appear that the land and improvements were used only for the manufacturing and supplying gas according to the defendant's corporate powers. So in the present case it clearly appears that the land assessed was not used in 1901 for any other purpose, except in connection with the appellee's gas plant.

In Schuylkill County v. Citizens' Gas Co., 148 Pa. 162, there was a contest as to taxation of the company's land for county purposes. The court below said : " A public corporation is one which cannot carry out the purposes of its organization without chartered rights from the commonwealth. Railroads, canals and gas companies must have the right of eminent domain in order to perform their functions. Their property, which is indispensable to their chartered rights, is represented by their capital stock, and as such is taxed specially by the legislature, and the law will not subject it to duplicate taxation by mere inference. It must expressly be made subject by statute." The case was decided as to the land and gas works in favor of the gas company, and on appeal by the county the judgment was affirmed.

In Pittsburg's Appeal, 123 Pa. 374, it was held that the gas pipes of the defendant company, laid in the streets of the city of Pittsburg, through which natural gas is distributed to customers, are not subject to taxation for city purposes as land or capital stock.

In St. Mary's Gas Co. v. Elk County et al., 168 Pa. 401, it was held that the property of a gas company, consisting of 684

acres, held for its corporate purposes, and necessary to the exercise of its corporate rights as a public corporation, was not subject to local taxation.

In Southern Electric Light & Power Co. v. The City of Phila. et al., 191 Pa. 170, it was held : " The circumstances that a portion of the property of the plaintiff is reserved for use for its manufacturing purposes in case of emergency, or to meet the demands of increasing business, does not ·alter or change its character as being part of the premises used, or intended to be used, for its essential objects. It is still a part of the property which in its entirety is exempt from local taxation as real estate." In that case it was distinctly averred by the respondent that a very small part of complainants' real estate, if any, would be needed for the purpose of supplying electricity. But we understand that case to distinctly hold that the company could hold lands for a prospective increase of business, without such land being subject tc local taxation.

In the present case the appellee makes use of all of the twelve acres of land in connection with the operation of its plant, and it further avers an expectation of the necessity of using the land for an enlargement of the plant.

In Railroad Co. v. Venango County, 183 Pa. 618, it is held that the machine shops belonging to a railroad company and used exclusively for repairs in its own business, are exempt from taxation for local purposes, but if used for construction they are subject to local taxation. In that case Mr. Justice WILLIAMS said : " The business a corporation may lawfully do must be defined by its charter. If it is to supply a municipality with water or gas, its implied or incidental powers must be such as are reasonably necessary to the proper performance of its functions as a water or a gas company. It cannot manufacture pipe because it may need pipe in the distribution of water or of gas. It cannot engage in the manufacture of plumbers' supplies because it might be profitable to be able to supply its customers with such goods. Its business is one ; the supply of water or gas, as it may be, to its customers, and to this it must devote its attention and confine its operations."

In the present case it is not pretended that the appellee is using the land in question, or deriving any benefit from it in

any manner whatever, except in its corporate business of manufacturing and supplying gas.

We have examined with some care the argument, and the cases cited therein, by the learned counsel for the appellant, but we are not convinced, on the facts before us, that the land in question was taxable as land for local purposes.

We do not think the cases cited in regard to the exemption of property used for church or charitable purposes are closely in point. The constitution provides that all taxes shall be uniform upon the same class of subjects, etc., but the general assembly may by general laws exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity.

It is not under the constitutional provision that land used and held by corporations is exempt from local taxation, but because such land is represented by the capital stock and is thus taxed, and cannot be again taxed in the absence of legislation expressly authorizing such taxation.

The three assignments of error are excerpts from the charge of the court below, and, upon the facts before the court, we do not consider the charge, taken as a whole, erroneous. While it must be conceded that the question raised by this appeal is close to the border line, we are inclined to hold, with the court below, that there was not enough shown to subject the land in question to local taxation.

The assignments of error are dismissed and the judgment is affirmed.

RICE, P. J., dissents.