[L. A. No. 6642. In Bank.—December 8, 1922.]

Mrs. FRANK A. PHILLIPS, Plaintiff and Respondent, AMELIA B. KEECH et al., Interveners and Respondents, v. LAGUNA BEACH COMPANY (a Corporation), et al., Defendants and Appellants.

[1] DEDICATION—PROPERTY FOR PARK PURPOSES—RESOLUTION OF CORPORATION.—A resolution of the board of directors of a land company entered upon the minutes declaring that certain described property shall be reserved for park purposes and not sold by anybody at any time constitutes a present offer to dedicate the property for such purposes and not a statement that the property shall be dedicated at some future time, and the printing of advertisements containing the statement that the property has been so reserved and the erection of slight improvements thereon to fit it for public use constitutes additional evidence of the intention.

[2] ID.—ACCEPTANCE OF OFFER—EVIDENCE.—An acceptance *in pais* of property offered for dedication for park purposes is sufficiently shown by entry and use by the public for camping purposes, parking of automobiles, eating of lunches and viewing the ocean on which the property fronted, since a park does not have to be laid off in paths or planted with flowers, but it may be merely an open space which the public may use for any purpose it sees fit of a public nature.

[3] ID.—INVALIDITY AS TO DEED OF TRUST—ABSENCE OF EVIDENCE OF DEDICATION.—An offer of dedication of property for park purposes and acceptance by user cannot be claimed against the trustee and beneficiary under a deed of trust given to secure a loan to the dedicator, where there was nothing of record to impart notice of dedication and no evidence of public use appeared on a visit to the premises.

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Affirmed in part, reversed in part.

The facts are stated in the opinion of the court.

James S. Bennett and Hahn & Hahn for Appellants.

John A. Harvey for Plaintiff and Respondent.

S. M. Davis for Interveners and Respondents.

SHAW, C. J.—The appeal is from the judgment.

The plaintiff filed her complaint asking for an injunction to prevent the defendants from selling, transferring or encumbering the land comprising a part of the tract known as "Laguna Cliffs." The part of the tract which the defendants were to be enjoined from selling is described as blocks 34, 25, 17 and 1, and lot 37 in block 2, comprising the ocean frontage of the subdivision of the land according to the map made by the Laguna Beach Company, filed in the recorder's office, and designated as "Laguna Cliffs." The contention of the plaintiff was that the land so described had been dedicated to the use of the public for park purposes. It is claimed that the defendant Laguna Beach Company made a formal dedication of the tract by resolution entered upon their minutes and that there was a subsequent acceptance thereof by the public.

The plaintiff is the owner of lot 4, block 18 of Laguna Cliffs. The interveners own lot 4 of block 8, lot 5 of block 17, and lot 1 of block 18, in said subdivision, and they join in the prayer of the complaint that the defendants be enjoined from selling, disposing or encumbering the part of the tract which it is claimed the defendant Laguna Beach Company dedicated to the public for park purposes.

The plat was filed on April 19, 1906. On September 20, 1906, the board of directors of the Laguna Beach Company passed a resolution in the following words:

"On motion made by Leonard Merrill and seconded by Ferdinand Thum, it was resolved that all property south and west of the street marked 'Cliff Drive,' and the street marked 'Spring Street,' as shown on a map of Laguna Cliffs, between the east line and Boat Canyon, shall be reserved for park purposes and not sold by anybody at any time, except such part of block one as lies south of the south line of Spring Street and running parallel thereto 100 feet south of said south line, and excepting also lot 1 in block 3, Laguna Cliffs."

[1] This, it is contended, constitutes the proposal to dedicate the property therein for park purposes. They also printed advertisements containing the statement that the entire ocean frontage had been reserved for park purposes, and made some slight improvements to fit it for public use, consisting of erecting two small pavilions, and placing steps in two places where the land was steep. We regard this

resolution as a present offer to dedicate the land described, and not as a statement that the land shall be dedicated at some future time. Hence it is sufficient in and of itself so far as the mere offer is concerned. The other acts and declaration are, of course, additional evidence of the intention to that effect.

[2] To make the dedication there must have been additional evidence of acceptance by the public. Laguna Beach was not incorporated and the county of Orange did not pay any attention to the matter, so there was no official acceptance. It is claimed that there was an acceptance *in pais;* that the public accepted the lots so dedicated by going on the premises and occupying the same for camping purposes and using the same for that purpose, and also by using the same for other purposes and by making use of the small pavilions and other improvements thereon.

We think there is sufficient evidence of use by the general public to sustain the finding of dedication. There was evidence that the public soon began to occupy the property by camping thereon, and by parking their automobiles and other vehicles thereon, eating their lunches and viewing the ocean, and divers other uses that the property was adapted for of a public nature. The two pavilions, while not large, were used as places to rest, or in which to sit, and eat lunches and view the ocean. An improvement association, for a number of years, recognized the property as a park and kept it clean from weeds and waste papers and placed garbage cans thereon. The use was not constant. Such uses are seldom of that character, but the use was such as the public was likely to make of such a dedication. A park does not have to be laid off in paths or planted with flowers. It may be merely an open space which the public may use for any purpose it sees fit of a public nature. Such use was made of that land, and as constantly as could be expected under the circumstances.

The real question at issue is how much land was included in the dedication. We do not think the dedication included as much land as is now claimed. Lot 37 of block 2 was not included in the description in the resolution, and the strip 100 feet wide of block 1 was expressly excepted from the dedication, also lot 1 of block 3. The following part of the plat shows how the land claimed to be dedicated is situated with relation to the other parts of the subdivision:

It will be observed that the description of the property dedicated includes "all property south and west of the street marked 'Cliff Drive' and the street marked 'Spring Street,'" This cannot be held to include lot 37 of block 2, for that block was situated northerly of Spring Street. Appellants contend that the line of the land dedicated should follow the line of "Cliff Drive" beyond the point of its intersection with Spring Street to the point opposite where Spring Street curves sharply and extends easterly for a distance of 519 feet; it being opposite the point at the westerly end of lot 21 of block 2, thus making the land dedicated include the whole of lot 37 of block 2. We think the correct solution of the problem is that the line should take the course of the south line of "Spring Street" from the place where it intersects with "Cliff Drive," immediately opposite lot 1 of block 18 of the tract, and continue on that line around lot 37, block 2, to a point which will make it connect with the line running parallel with the south line of "Spring Street" and 100 feet southerly thereof, along that part of said street running easterly from the westerly end of lot 21 of block 2. The fact that the public went upon lot 37 and camped there is of no consequence, since the lots were never offered to the public. Some claim is made that a tennis court was maintained upon lot 37, but the record shows that a special lease was made to the tennis club by Mr. Heisler, the president of the company, and that said tennis club was maintained in pursuance of the lease. We find no reason for including lot 37 in the dedication. The resolution expressly excepted the following portion: "such part of Block One as lies south of the south line of Spring Street and running parallel thereto 100 feet south of said south line." This could not have been intended to have been included in the dedication. That 100-foot strip therefore must be excluded from the portion of the tract set apart to the public use.

[3] We do not think the judgment can be sustained as to the Pomona College and the Orange County Trust and Savings Bank. The college made a loan secured by a deed of trust to the bank for the property in 1916. The resolution of dedication was not recorded and there was nothing in the record title to impart notice to them except a deed from

the Laguna Beach Company to Mabel W. Frankenfield for lot 3, in block 27, containing the following language: ''The party of the first part guarantees that no land between this lot and the ocean will be sold or used for private uses of any kind.'' A committee of the college visited the premises in April, 1916, and looked over the property with a view to making the loan. It included all the unsold lots in the entire tract. They did not notice anything to indicate the dedication to public use. At that time of the year there would be little if any evidence of the public use and there is nothing in the testimony of the witnesses to the transaction to show that any member of the public was exercising his or her rights of occupancy at the time, nor was anything on the ground to indicate such use, except the two small pavilions and the steps. As to them there was nothing to show that they were for public use or that they were anything other than private erections on the part of the premises on which they stood. The bank did not see the premises, but relied wholly on the record title. The clause in the deed to Frankenfield, even if we concede that subsequent purchasers of any other lot except lot 3 of block 27 must take notice of it, indicates nothing except a personal contract in favor of Frankenfield which she only could enforce, and she is not a party to the action. It does not appear that the bank had any knowledge of the Frankenfield deed. There is no evidence that the public were occupying the public use at the time of the visit of the committee, nor that it ever had occupied any part of the premises so as to impart notice to the committee, or to Pomona College or to the bank. Consequently the judgment must be reversed as to those defendants.

As to the defendant the Laguna Beach Company, the judgment is affirmed, except as to lot 37, block 2 of said subdivision, known as ''Laguna Cliffs,'' and except as to that part of block 1 of said subdivision lying northerly of a line drawn across said block 1, 100 feet southerly of the intersection of Foster Street and Spring Street and running parallel with the south line of Spring Street, and except also lot 1 of block 3, and as to said excepted part, the judgment is reversed.

As to the defendants Orange County Trust and Savings Bank and Pomona College, said judgment is reversed.

Shurtleff, J., Waste, J., Sloan, J., Wilbur, J., Lawlor, J. and Lennon, J., concurred.

The foregoing opinion was modified by the supreme court on December 21, 1922, as follows:

THE COURT.—It is ordered that the following portion of the judgment hereinbefore rendered by this court be stricken out, to wit: "and except as to that part of Block 1 of said subdivision lying northerly of a line drawn across said Block 1, 100 feet southerly of the intersection of Foster Street and Spring Street and runing parallel with the south line of Spring Street, and except also Lot 1 of Block 3."

We find that the judgment had already excepted that portion of block 1 above described, and it also excepted all of lot 1 of block 3, so that it is unnecessary to reverse the judgment as to said land. This leaves the judgment to stand as it is except as to lot 37 of block 2.

Shaw, C. J., Lennon, J., Waste, J., Wilbur, J., Lawlor, J., and Sloane, J., concurred.

Rehearing denied.

All the Justices concurred.