Easton, Appellant, *v.* Koch et al.

328

Submitted March 9, 1943.   Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*John Field Oldt,* for appellant.

*George C. Laub,* for appellees, Northampton County, Williams Township and Williams Township School District.

*Stanley J. Fehr,* for appellees, Bushkill Township and Bushkill Township School District.

OPINION BY RHODES, J., April 30, 1943:

The question presented by this appeal is the taxability of certain real estate owned by a municipality. By a bill in equity the city of Easton sought an injunction to restrain the County Treasurer and the County Commissioners of the County of Northampton from selling, for nonpayment of delinquent taxes for 1938, certain parcels of real estate owned by the city and located in the township of Bushkill and in the township of Williams. A preliminary injunction was granted. Subsequently the road supervisors and the school directors of the two townships were joined as additional defendants. The chancellor made certain findings of fact and conclusions of law, and dissolved the preliminary injunction in so far as it related to the Jacobsburg tract and South Delaware Park. After hearing on the exceptions filed by the city, the court in banc made additional findings of fact and conclusions of law, and amended some of the findings of fact and conclusions of law of the chancellor. It dismissed the exceptions and entered a final decree. The city has appealed.

The city contended that the proposed sales for nonpayment of taxes should be enjoined because the two tracts of land were public property used for public purposes and exempt from taxation.

The court below concluded that both tracts of land were not exempt, and entered a final decree accordingly.[1] We shall consider the reasons and their validity

---

[1] "And now, this 27th day of July, 1942, the preliminary injunction heretofore granted restraining the Treasurer's Sale of the Reservoir property in Williams Township, for 1938 taxes, is hereby made permanent, and the preliminary injunction heretofore granted restraining the Treasurer's Sale of the Jacobsburg tract in Bushkill Township and restraining the Treasurer's Sale of the City Park in Williams Township, for delinquent 1938 taxes, is hereby dissolved."

separately; and our discussion will be limited to the questions presented.

It is to be noted that there is a distinction, for the purposes of taxation, between property owned by private corporations, institutions, and individuals and that owned by a municipality and devoted exclusively to public purposes. *Robb v. Philadelphia,* 25 Pa. Superior Ct. 343, 346. It is the general rule that the property of municipalities held for governmental purposes is presumptively exempt from the operation of general tax laws, and that it is not subject to tax without express statute. *Pittsburgh v. Sterrett Subdistrict School,* 204 Pa. 635, 640, 641, 54 A. 463; *Directors of the Poor of Schuylkill County v. School Directors of North Manheim Township,* 42 Pa. 21, 23; *Robb v. Philadelphia,* supra, p. 346; *Dornan v. Philadelphia Housing Authority et al.,* 331 Pa. 209, 228, 233, 200 A. 834. Preliminarily we shall refer to the constitutional and relevant statutory provisions.

Article 9, §1, of the Constitution of Pennsylvania, as amended by the amendment of November 6, 1923, reads in part as follows: "All taxes shall be uniform, upon the same class of subjects, . . . . . . and shall be levied and collected under general laws; but the General Assembly may, by general laws, exempt from taxation public property used for public purposes . . . . . ."

The General County Assessment Law, Act of May 22, 1933, P. L. 853, 72 PS §5020—101 et seq., which amends, revises, and consolidates the law relating to taxation for local purposes, was passed by the General Assembly pursuant to this constitutional authority. Section 204, 72 PS §5020—204, sets forth the property which "shall be exempt from all county, city, borough, town, township, road, poor and school tax," and includes the following: "(g) All other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment

of the same." [2] Clause (1) of the same section provides in part: "...... all property, real or personal, other than that which is in actual use and occupation for the purposes specified in this section, and all such property from which any income or revenue is derived ...... shall be subject to taxation ......" See *Dornan v. Philadelphia Housing Authority et al.,* supra, page 228, footnote 15.

### Jacobsburg Tract

Although this land is municipally owned, it is subject to taxation if it is established that it is not in actual use and occupation for public purposes; it is barren and unproductive. The court below found [3] and concluded [4] that this tract was not in actual use and occupancy for public purposes; that it was not necessary, essential, or indispensable to the operation of the present municipally owned water system of the City of Easton when the assessment was made for 1938; and that accordingly it was not exempt from the taxes for that year.

The finding may not be a pure finding of fact (see

---

[2] Exemption is also granted to "(f) All public parks when owned and held by trustees for the benefit of the public, and used for amusements, recreation, sports and other public purposes without profit." 72 PS §5020—204 (f). See *Com. v. Rush et al.,* 14 Pa. 186, 196; *Trustees of the Philadelphia Museums v. Trustees of the University of Pennsylvania,* 251 Pa. 115, 123, 96 A. 123.

[3] "5. When the assessment on the Jacobsburg tract was levied in 1938 and the tax due, it was not in actual use and occupancy for public purposes and was not necessary, essential and indispensable to the operation of the present water system of the City of Easton and is therefore not exempt from the 1938 taxes."

[4] "3. The Jacobsburg tract in Bushkill Township owned by the City of Easton was not in actual use and occupancy for public purposes and was not necessary, essential and indispensable to the operation of the present water system of the City of Easton, when the assessment on this property was levied in 1938 and the tax due. Accordingly, it is not exempt from 1938 taxes."

*Altaffer et ux v. Anderson Automobile Co. et al.*, 77 Pa. Superior Ct. 63, 65, 66), but there is no dispute about the facts as disclosed by the evidence. This we have examined, and we agree that the finding and conclusions of the court below are correct.

The court below in its opinion has summarized the testimony upon which its finding and conclusions are based as follows:

"The Jacobsburg tract contains five hundred thirty-seven (537) acres of land located in Bushkill Township, Northampton County, Pennsylvania, between eight and eleven miles from the City of Easton. It was acquired by the City of Easton along with the other property and franchises of the Northampton Consolidated Water Company. The evidence reveals that while the Northampton Consolidated Water Company acquired the property as a future source of water supply, it had never been connected in any manner whatsoever with the water supply system of said company and has since its acquisition by the City of Easton never been connected with the water supply system of said city. No dam or reservoir exists on the property and there are no pipelines on the property connected with the municipal water plant. While the Northampton Consolidated Water Company owned the property it made no effort to impound the water or did any work upon the property outside of making preliminary surveys and drilling three test wells. Since the City of Easton took over the property in 1936 no work has been done toward the development of this tract as a future source of water supply, except that all of the buildings on the tract have been removed and the city through a WPA Project is now making a survey of the entire tract for the purpose of running elevations to prepare contour maps of the whole section and to place monuments on boundary lines. It appears from the testimony that the tract is suitable and adaptable as a

future source of water supply, that the land is held for that purpose and was not being used for any other purpose in 1938."

This land has not been, and there is no certainty that it ever will be, used as a source of water supply, or for any other public purpose, and it was not required for the protection of the purity of the present water supply. See *Roaring Creek Water Co. v. Girton et al.,* 142 Pa. 92, 21 A. 780; *Spring Brook Water Co. v. Kelly,* 17 Pa. Superior Ct. 347; *York Haven Water & Power Co. v. School District of the Township of Londonderry,* 77 Pa. Superior Ct. 308. "An exemption of lands owned by a city for public purposes means a present, and not an indefinite, prospective, use." Cooley on Taxation, 4th Ed. §641; *School District of Pittsburgh v. County of Allegheny,* 347 Pa. 101, 31 A. 2d 707. We find no error in the finding and conclusions of the court below, and the decree to this extent will be affirmed.

## South Delaware Park

The court in banc amended the chancellor's conclusion of law to read as follows:

"5. A portion of the City Park owned by the City of Easton was in actual use and occupancy for a public purpose and a portion thereof was not so used and occupied when the assessment on this property was levied in 1938 and the tax due. Since no separate assessment was made for the tax exempt portion, we are without authority to apportion the tax."

The court in banc found, in an amended finding of the chancellor and in additional findings, that certain portions of the tract were not in actual use and occupancy for public use as a park, and that a portion of the tract along the South Delaware River Road, comprising 2.72 acres more or less, was in actual use and occupancy for public park purposes when the assessment on this property was made in 1938, and therefore exempt from 1938 taxes. Such findings are entitled

to great weight, but it is still the duty of the appellate court to determine whether the ultimate result reached was based on a proper understanding of the facts proven, and a correct application of the legal principles. *Binswanger v. Hyman*, 271 Pa. 296, 299, 114 A. 628, 629.[5] Any difference in the findings is not questioned. See *Belmont Lab., Inc., v. Heist et al.*, 300 Pa. 542, 151 A. 15.

The court in banc approved the chancellor's sixth conclusion of law whereby the preliminary injunction restraining the sale of this tract for delinquent taxes of 1938 was dissolved, but held that the bill in equity in so far as it pertains to this tract must be dismissed for the reason that equity has no jurisdiction to enjoin the sale thereof, because the property was only partially exempt. See *Dougherty v. Philadelphia et al.*, 314 Pa. 298, 301, 171 A. 583; *Chevra A. C. A. C. v. Phila. delphia et al.*, 116 Pa. Superior Ct. 101, 104, 105, 176 A. 779; *Borough of Kittanning v. County of Armstrong et al.*, 347 Pa. 108, 31 A. 2d 710.

There is no dispute as to the basic or material facts in connection with this tract; the controversy arises from the application of the law to the facts.

This tract of land contains approximately 97 acres. It is located in Williams Township, Northampton County, about one and a half miles south of the southern boundary line of the city. The city originally acquired the land in 1918. By resolution of May 31, 1923, it was dedicated by the municipal authorities as a public park, and in the same year the city council passed an ordinance annexing it to the city. The ordinance was declared invalid by this court for the

---

[5] See also *Altaffer et ux. v. Anderson Automatic Co. et al.*, 77 Pa. Superior Ct. 63, 65; *McConville v. Ingham et al.*, 268 Pa. 507, 519, 112 A. 85; *Hamilton et al. v. Fay*, 283 Pa. 175, 179, 128 A. 837; *Blue Ridge Metal Mfg. Co. v. Proctor et al.*, 327 Pa. 424, 432, 194 A. 559.

reason that the park did not adjoin the city. *Williams Township's Appeal*, 139 Pa. Superior Ct. 146, 11 A. 2d 662. On February 7, 1928, the city council by resolution again dedicated this tract of land as a public park. The resolution further directed that the city engineer "place it upon the City Map and plan of Parks." On May 22, 1930, it was named "South Delaware Park."

The city has waived its claim to exemption for the house and lot separately assessed at $750.

There is no doubt that *Trustees of the Philadelphia Museums v. Trustees of the University of Pennsylvania et al.*, 251 Pa. 125, 96 A. 126, is authority for the principle that (p. 133) "Where the city is the owner of ground, the passage of an ordinance, setting it apart for public uses, either as a park or otherwise, is a mere offer to dedicate which becomes binding only by acceptance and use by the public for the purposes stated." No Pennsylvania case is cited for this proposition, but reliance is placed on decisions of California courts. It is generally recognized in Pennsylvania that the municipal authorities within their powers act as agents or representatives of the public (*Bagley et al. v. Philadelphia*, 148 Pa. Superior Ct. 318, 323, 326, 327, 25 A. 2d 579; *Weida v. Hanover Township*, 30 Pa. Superior Ct. 424, 427), and that formal acceptance by them of dedicated property opened and available for the intended or specified use is acceptance by and on behalf of the public,[6] thereby making the dedication complete without any further public action. *Fleck v. Collins*, 28 Pa. Superior Ct. 443, 449; *Milford Borough v. Burnett*, 288 Pa. 434, 438, 136 A. 669; *Steel et ux. v.*

---

[6] " . . . . . . the dedication of a private alley to public use by the owners of the land will not make it a public alley unless it is accepted as such by the municipal authorities. This is because the owners of land . . . . . . cannot, for their own convenience, compel the municipality to accept a street or alley which is not demanded by the public": *Com. v. Moorehead*, 118 Pa. 344, at page 353, 12 A. 424.

*The Burgess and Town Council of the Borough of Huntingdon,* 191 Pa. 627, 630, 43 A. 398; *Wensel v. North Versailles Township et al.,* 136 Pa. Superior Ct. 485, 491, 7 A. 2d 590; *Gass et al. v. City of Pittsburgh (No. 1),* 91 Pa. Superior Ct. 290, 297; *Wahl v. McKees Rocks Borough,* 64 Pa. Superior Ct. 155, 157. It would seem to follow that, with formal action and expenditure of public funds in pursuance of the stated purpose, dedication by the city of Easton was complete and final as to the entire property and necessarily implied acceptance thereof by the public without other proof of acceptance and use by the public.[7]

Under either theory we think the result in the present case must be the same.

It could not be denied that the city intended to dedicate the entire tract of 97 acres as a public park (see *Davis et al. v. Kahkwa Park Realty Co. et al.,* 296 Pa. 281, 284, 145 A. 815); and it is uncontroverted that the entire tract was so dedicated by corporate action of the municipal authorities, that public funds were expended thereon by the city to make it usable for the purposes intended, and that use by the public followed.

We recognize that the question of public acceptance by user is generally one of fact determined in equity by the chancellor (*Kniss v. Borough of Duquesne,* 255 Pa. 417, 423, 100 A. 132; *Borough of Mountville v. Gable,* 73 Pa. Superior Ct. 189, 190), but the requisite acts and things, when undisputed, which may be indicative of acceptance, is a question of law (4 McQuillin, Municipal Corporations, 2d Ed., §1716, p. 584; *Phillips v. City of Stamford,* 81 Conn. 408, 71 A. 361, 363).

The portion of the property along the South Delaware River Road was used by the public for games and

---

[7] See 3 Dillon, Municipal Corporations, 5th Ed., §1087, p. 1730; 4 McQuillin, Municipal Corporations, 2d Ed., §1700, p. 547; *Knox v. Roehl et al.,* 153 Wis. 239, 244, 140 N. W. 1121; *Reilly v. The City of Racine,* 51 Wis. 526, 529.

other amusements. This portion of the tract was also used by the public as a camping site for tourists, which was supervised by the Board of Health and Police Department of the city. No charge was made for the parking of cars or for the setting up of tents or camps by persons using the premises. The city expended tax moneys to level the land for a baseball field, and to supply playground facilities. A part of the 97-acre tract is woodland. In 1928 and 1929 the city planted about 30,000 trees, and a roadway was constructed through the tract to this section where from the top of the hill there is a view of the Delaware River Valley, Delaware Water Gap, and Wind Gap. In 1938, between 25 and 30 acres of the tract were farmed by the city, chiefly to produce feed for horses owned by the city. There is game on the land, and the public hunted thereon. There were no restrictions on the rights of the public to use the entire tract as a park.

While one of the essential elements of a complete dedication may be acceptance by the public, public use of the entire property is not necessary. *Trustees of the Philadelphia Museums v. Trustees of the University of Pennsylvania et al.*, supra, 251 Pa. 125, 133 134, 96 A. 126. "...... it is not necessary that the public use the entire property dedicated. Any public use of part of the property, indicating a purpose to accept the gift, fixes the public right to the whole": *City of Pittsburgh v. Epping-Carpenter Co.*, 194 Pa. 318, at page 328, 45 A. 129, at page 133; *Morrow et al. v. Highland Grove Traction Co.*, 219 Pa. 619, at page 623, 69 A. 41, at page 42. Again, in *Schmitt v. Carbondale et al.*, 257 Pa. 451, at page 455, 101 A. 755, at page 756, it is said: "The acceptance and use by the public of the Parade in question as a park embraced all the land dedicated for that purpose, although some parts thereof along the border lines may not have been actually used as such." See, also, 26 C.J.S. §41 (d), p. 113; *Hawkes v. Philadelphia*, 264 Pa. 346, 354, 355;

*London & San Francisco Bank, Ltd., v. City of Oakland et al.,* 90 F. 691, 700, 701; 4 McQuillin, Municipal Corporations, 2d Ed., §1714, p. 581 et seq. In ascertaining whether or not a park or public place has been accepted by user, the purpose for which it is fitted or intended to serve must be the standard by which to determine the extent and character of use which constitutes an acceptance. *Koshland et al. v. Cherry et al.,* 13 Cal. App. 440, 110 P. 143, 144. And, if the park is one which might be extensively used, greater use will be required to show an acceptance. *City of Watertown v. Troeh,* 25 S.D. 21, 125 N.W. 501.

The tract was purchased by the city as one property; it was dedicated by the city in its entirety for park purposes. We think the requisites of acceptance were fully satisfied. As we view it, the only permissible conclusion from the facts is that the public accepted the park and used it in the manner intended, and that the dedication was complete; and while the use of some portions of the tract was not as constant and extensive as of other portions, it was such as the public was likely to make of this type of park. See *Phillips et al. v. Laguna Beach Co. et al.,* 190 Cal. 180, 211 P. 225, 226; *Reinhart v. Chalfant,* 12 Del. Ch. 214, 110 A. 663; *Phillips v. City of Stamford,* supra.

The circumstance that a portion of the property was also used for farming to produce feed for horses owned by the city did not alter or change its character as part of the premises used for its essential objects. The dominant purpose for which the tract was dedicated was maintained, and incidental income and uses not in derogation thereof would not be sufficient to make the entire tract subject to taxation. See *School District of Pittsburgh v. County of Allegheny,* supra.

The property had been dedicated and was maintained by the city for a public park, which may be comprehensively defined as a public pleasure ground which affords

pleasure to the eye as well as opportunity for open air recreation. See *Laird v. Pittsburgh et al.,* 205 Pa. 1, 5, 54 A. 324; 3 McQuillin, Municipal Corporations, 2d Ed., §1255, p. 772. A municipality cannot revoke or destroy, after dedication and acceptance, the right of the public to the exclusive use of the property for the purpose designated. See *Trustees of the Philadelphia Museums v. Trustees of the University of Pennsylvania et al.,* 251 Pa. 115, 124, 96 A. 123. From the record before us it cannot be said that the rights of the public have vested, in reliance upon the dedication, in only a portion of the property dedicated. "There should be reasonable presumptions in favor of the preservation of such public interests, and the acts to constitute an acceptance on the part of the public need be such only 'as the public wants demanded' ": *Taraldson v. Town of Lime Springs et al.,* 92 Iowa 187, 60 N.W. 658, 659.

There is no evidence of an intent by the city to violate the rights of the public in the entire property. The limited farming for which a portion of the tract is used has no such effect. If there should be such a violation this is a matter which may be considered when it arises.

We do not see how the presumptive right to exemption from taxation is affected by the fact that all the land in question may not have been physically used by the public. Such usage may never be attained. Like any large tract of land, a park may have nonusable portions or parts to which the public may not generally be attracted; it is none the less a public park. But if it was proper to dedicate the whole which the public may use, acceptance was accomplished when it was found to have been made available by the expenditure of public funds and used for the purposes dedicated, although such actual usage may be largely confined to a part of the entire acreage. We deem such usage as appears in the present case sufficient to imply an acceptance by the public of the entire tract for park pur-

poses. It seems to us immaterial that the entire park was not equally or similarly used after dedication. For example, the acceptance by user of a dedicated street constitutes it of the full width, although only the traveled portion may be used by the public. See *State Road*, 236 Pa. 141, 145, 84 A. 686; *Schmitt v. Carbondale et al.*, supra.

The decree of the court below as to the Jacobsburg tract is affirmed; the decree of the court below as to South Delaware Park is reversed, and the record is remitted with directions to enter a decree in conformity with this opinion; the costs shall be paid equally by appellant and appellees.