## Keystone Airport Authority v. Borough of Emporium

*Ray Bulson,* for plaintiff.
*Larry Gaitens,* for defendant.

DAGHIR, *P.J.,* November 6, 1991—Argument on the above matter was held on September 18, 1991, involving defendant's motion for summary judgment. Briefs have been received and reviewed.

The summary judgment motion of defendant asserts in pertinent part that plaintiff's complaint alleges that defendant has a continuing duty to operate an airport on land that, defendant admits it, defendant dedicated

for public use for airport purposes. (The land was initially, more than 50 years ago, conveyed in fee without restriction as to use to this defendant/borough.) The motion also asserts it "is empowered to change the use of this property" and that it desires to do so to "maximize its resources and benefit borough citizens."

In its brief, defendant/borough sets forth the issue to be whether defendant/borough has a duty to operate an airport on land which the borough dedicated to the public for use as an airport.

We disagree with this statement of issues and also defendant's statement in brief that this "issue has been in litigation for the past three years." We do not recall plaintiffs ever asserting or averring that the defendant has the duty to run or operate the airport and plaintiffs deny defendant's present assertion to that effect.

Plaintiffs in this action for injunction, as stated in their brief, are asserting that defendants have an obligation/duty to obtain a grandfathered license for the airport which the defendant/borough or its representatives returned to the appropriate agency.

A duty to operate the airport on the part of the borough is not involved in this action.

Instead, we believe the true issue involved herein is whether defendant/borough (or any governmental municipality, in effect) once it dedicates its lands that were acquired in fee without restriction and the dedication is accepted by the public, is thereafter empowered by its own decision to terminate or revoke that dedication.

Defendant's argument and brief, and plaintiffs' as well, addressed the issue thus presented and this opinion similarly addresses the question thus posed and the same is denied.

We acknowledge defendant's reference to treatises seemingly in favor of the borough's position, but we find them not controlling.

Defendant admits a municipality may dedicate for public use property it owns in fee and unrestricted but defendant argues that when the dedication of such land is made by the municipality itself, the use thus created is not restricted to that particular use to the extent that the borough and its subsequent officials are thereby bound by same.

Defendant admits no Pennsylvania case deals precisely with this issue but that the same was implied in the holding of *Bernstein v. City of Pittsburgh,* 366 Pa. 200, 77 A.2d 452, 455 (1951). Defendant also proffers an Illinois case, a *Michigan Law Review* article cited therein, and a Texas appellate court case supporting its position.

Plaintiffs offer treatises indicating all dedications are bound thereby, be they statutory or common law, and whether the dedication be by nation, state or municipality, as well as by dedication by others.

Plaintiffs also refer to the New York case of *Gerwitz v. City of Long Beach,* 330 N.Y.S.2d 495, 507 (1972) which holds that once, as here, dedication, even by a municipality occurs, or has become complete, it is irrevocable.

We believe the better rule to be as stated in *Gerwitz* and so hold.

We believe further that this position is clearly set forth by a review of the cases of *Penny Pot Landing,* 6 Pa. 79, 89 (1851); and *Trustees of the Philadelphia Museums v. Trustees of the University of Pennsylvania,*

251 Pa. 115, 123-124, 96 A. 123 (1915). In *Museums* at 124, the following appears, citing from *Davenport v. Buffington,* 97 F. 234:

"We are unwilling to concede that a nation or state which becomes the proprietor of a town site, plats it, and dedicates its streets and parks to public use has any greater or better right to revoke or avoid its grant or covenant than a private proprietor would have."

The case clearly went on to state that while it may be that either a public or private proprietor can early on, before rights have occurred, revoke a dedication but once rights have vested in reliance upon the dedication, rights of a nation or individual to revoke dedication are denied.

The following also appears in *Museums:*

"A nation, state or municipality which dedicates land that it owns in the site of a town to public use for the purpose of a park is as conclusively estopped as a private proprietor from revoking that dedication ... from appropriating the land which it occupies to other purposes after lots have been sold...." See also *City of Easton v. Koch,* 152 Pa. Super. 327, 31 A.2d 747, 752 (1943).

We are also mindful of the Pennsylvania statutory authority for terminating a trust for public purposes created by a dedication, Act. of 1957 P.L. 1772, et seq., 53 P.S. §3384.

Pennsylvania provides statutory authority to terminate dedicated land use. Defendant itself instituted an action before the Orphans' Court of this jurisdiction under said statute filed to no. 25 of 1989, Cameron County, and that is presently pending. Someday, perhaps, the

issues raised in that case will be addressed by this court.

We query why defendant therefore has resorted to this instant summary judgment proceeding and further query, whether right to bring this summary judgment proceeding is waived and whether the defendant recognizes, by having filed the action under the referenced statute, that the statute is the sole remedy for terminating a dedicated use, whether the dedication be by municipality or private individual.

We need not decide these questions in the light of our ruling herein but we do note that section 3382 provides that *"all* lands or buildings heretofore or hereafter donated to a political subdivision for use as a public facility, *or dedicated to the public use ... as a public facility ... shall be deemed to be held by such political subdivision as trustee for the benefit of the public...."*

We note that the portion this section (after the disjunctive "or") makes no distinction between who may have dedicated. It simply provides that all lands dedicated to the public are deemed held by the political subdivision as trustee and it provides a procedure for termination of same to which plaintiff has heretofore resorted.

Significantly, we also note the statute used the disjunctive word "or" rather than the conjunctive word "and."

We need not decide the question thus raised by that statute whether that statute provides the sole relief to a municipality that dedicates its own land when that

municipality desires to terminate same, all because of our ruling herein.

## ORDER

Now, November 6, 1991, after consideration of argument and briefs of the parties on defendant's motion for summary judgment on grounds, in this case, it is empowered to revoke or terminate dedicated land for use of the public as an airport, the same is denied, all consistent with memorandum opinion filed contemporaneously herewith.