## Leech Appeal.

Argued September 27, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*John G. Wayman,* with him *Herbert V. Brownlee,* for appellants.

*Arthur Wessel, Jr.,* with him *Walter W. Riehl,* for appellees.

OPINION BY HIRT, J., November 15, 1951:

In 1942 the Borough of Dormont acquired title to approximately 4½ acres of land by sheriff's deed for nonpayment of taxes and municipal claims. The tract is bounded on the south by Annapolis and on the east by Dormont Avenues; it joins Dormont Park on the north and west. The Borough on taking title, paid all delinquent county taxes in full and took title with the full consent of the school district of the Borough. By ordinance which became effective on March 3, 1943, the Borough dedicated the land "to the general public for park purposes and to become a part of Dormont Park", a tract of 29½ acres used by the public as such for many years. The school district, by resolution, consented specifically to this dedication of the land for park purposes. On June 5, 1950, by resolution passed by a majority of the Borough council over the veto of the Burgess, the Borough, for a nominal consideration, gave an option to James W. Stevenson, Jr., for the purchase of the entire 4½ acre tract for $50,000 payable within 6 months from the above date. Thereupon the present appellants by complaint addressed to the Court of Quarter Sessions of Allegheny County under Art. X, §1010 of the Act of May 4, 1927, P. L. 519, as amended, 53 PS §12900, questioned the legality of the option. The complainants all are citizens of the Borough who own real estate in the vicinity of the tract in question. As such owners they are persons aggrieved within the purview of the Act. Cf. *Hoffman et al. v. Pittsburgh et al.*, 365 Pa. 386, 391, 75 A. 2d 649. After hearing the lower court in effect held that the Borough had the power to grant the option, notwithstanding the prior dedication of the land for park purposes; accordingly the complaint was dismissed. Hence, this appeal.

Municipalities are not sovereigns and they do not possess and cannot exercise powers other than those granted by statute in express words or by necessary

implications. *Kline et al. v. Harrisburg et al.,* 362 Pa. 438, 443, 68 A. 2d 182. A Borough may convey real estate under the power conferred by The General Borough Act, as amended by the Act of July 10, 1947, P. L. 1621, 53 PS §13311. In disposing of this appeal we shall assume, without deciding, that the power to sell real estate, in the best interest of the Borough, includes the power to give an option for the purchase of lands standing in the name of the Borough. In our view, however, the lower court erred in ignoring the effect of public acceptance of the dedication of the tract as a part of Dormont Park, when it offered the land for sale by the resolution of June 5, 1950. The order will be reversed.

In general a municipality is without power to alienate lands dedicated to the public for park purposes. The rule is decisively affirmed in *Hoffman et al. v. Pittsburgh et al.,* supra, p. 391, in this language: "The applicable principle of law is well stated in 3 Dillon, Municipal Corporations, 5th Ed., Sec. 1102: 'A municipal corporation has *no implied or incidental authority to alien, or to dispose of for its own benefit, property dedicated to or held by it in trust for the public use or to extinguish the public uses in such property,* nor is such property . . . or the proceeds of sale thereof available for the payment of the debts of the municipality.'" In that case, on the authority of cited cases, it is noted that "This has been the law of Pennsylvania for over a century." However, the dedication to public use in the present case, by resolution of the Borough council, did not prevent the Borough from selling the property if the public did not in fact accept the land for the uses of the dedication. In *Phila. Museums v. University of Pa.,* 251 Pa. 125, 132, 96 A. 126, it is said: "Dedication is the joint effect of the offer of the owner to dedicate land and acceptance of such land by the public. Two parties are necessary,

the owner on one side and the public on the other; there can be no dedication without the participation of both: Los Angeles v. Kysor, 125 Cal. 463. This is the general rule applicable to a dedication by a private individual, and there seems to be no good reason why the rule is not applicable to a dedication made by a municipality."

A public park has been defined "as a tract of ground kept more or less in its natural state, or embellished by the planting of additional trees and flowers, and devoted to the purpose of pleasure, recreation and amusement": *Bernstein v. Pittsburgh,* 366 Pa. 200, 206, 77 A. 2d 452. In our view but little evidence is required to establish acceptance by the public where as here the dedication is of additional land adjoining an existing public park. Although the opinion of the lower court does not contain findings of fact, we, under the circumstances, may examine the record in this appeal to determine whether the evidence establishes public acceptance of the land for park purposes since the lower court, in legal effect capriciously, ignored the question as of no controlling importance. Cf. *Milford Borough v. Burnett,* 288 Pa. 434, 442, 136 A. 669. The question, in the light of proof of acts indicating acceptance, is one of law in this appeal. Cf. *Easton v. Koch et al.,* 152 Pa. Superior Ct. 327, 336, 31 A. 2d 747.

The fact that the Borough may have spent little in maintenance or in improving the land has no bearing on the question of the effectiveness of the dedication of the tract for park purposes by the resolution of the Borough council. To invite public acceptance there was no need for a duplication of the swimming pool and other recreational facilities already existing in the adjoining Dormont Park. The councilman in charge of maintenance testified that after the dedication no distinction was made between expenditures for

upkeep of the 4½ acres as distinguished from the maintenance of the original park lands. The Borough secretary, testifying for appellee, admitted that the park maintenance men spent about one-tenth of their working time on the land in question. There is nothing on the ground to indicate the dividing line between Dormont Park and the land in question; both now comprise one public park. The grass was kept mowed on a part of the 4½ acre tract, and children, particularly the young, to whom no other convenient playground was available, used a level section of the newly dedicated land for baseball and football games. On occasion the addition to the park was used by the public for picnics and the parking of automobiles. During World War II about one-third of the tract was used for "war gardens". This emergency use is not incompatible with, but on the contrary is some evidence of, public acceptance inasmuch as every member of the public without discrimination, who made application, was assigned a garden plot to be worked by him. In winter, in addition to the above activities, the hillsides of the tract were used by the public and especially by the children of the neighborhood for coasting with their sleds and for skiing. In addition to these facts which are not denied, there is evidence in the testimony of one of the Borough Council, who was a member of the Park Committee, that the Borough Manager at the direction of council arranged for a substantial fill of about 35,000 yards on one of the slopes to adapt it for coasting and skiing.

These uses by the public, at will, in our view are abundantly sufficient to establish public acceptance of the dedication of the tract in question as a public park. The resolution of the Borough of Dormont of June 5, 1950, is invalid and of no effect.

Order reversed.