CITY OF NORTH LAS VEGAS, A MUNICIPAL CORPORATION, APPELLANT, v. CENTRAL TELEPHONE CO., A CORPORATION, RESPONDENT.

No. 5902

November 6, 1969 460 P.2d 835

*Jeffrey I. Shaner,* City Attorney, *Frank W. Daykin,* and *Russell W. McDonald,* Special City Attorneys, North Las Vegas, for Appellant.

*McNamee, McNamee & Rittenhouse,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Central Telephone Co. provides telephone service to the inhabitants of North Las Vegas under a 50 year franchise granted to its predecessor by Ordinance No. 163, adopted May

5, 1958. This ordinance provides, among other things, that the telephone company shall pay to the City "for supervision and inspection and not for revenue" one percent of its gross revenue from specified charges, and that such payments shall be "in lieu of the charges made for license fee under City of North Las Vegas Ordinance."

On July 1, 1968, the City adopted Ordinance No. 371, effective July 15, 1968, which undertook "to increase the public utility license fees for the purpose of providing sufficient non-property tax revenue," and imposed "for such license" five percent of essentially the same revenues specified in Ordinance No. 163.

In this declaratory judgment action instituted by the telephone company, the district court ruled that Ordinance No. 371 would, if enforced against the Company, breach the binding contract of Ordinance No. 163, and therefore declared Ordinance No. 371 void as against the Company and enjoined the City from enforcing it. From this judgment the City has appealed. We affirm.

The dispositive issue is whether Ordinance No. 371 is void as against the Company by reason of federal and state constitutional prohibitions against passing a law "impairing the obligation of contracts." Nev. Const. art 1, § 15; U.S. Const. art. 1, § 10. This issue arises by reason of the provision in the franchise that the one percent charge thereunder was in lieu of any charges for a license fee, whereas the five percent charge in the later ordinance was imposed as a license fee.[1]

A franchise is a contract (Harmon v. Tanner Motor Tours, 79 Nev. 4, 377 P.2d 622 (1963)), and constitutionally protected against impairment. The Trustees of Dartmouth College v. Woodward, 17 U.S. (4 Wheat) 518 (1819); City of Chattanooga v. Tennessee Electric Power Co., 112 S.W.2d 385 (Tenn. 1938). The charter of North Las Vegas grants the right "to engage in public utilities businesses or issue franchises for the same." 1953 Stats. Nev. 393, 394. The franchise granted to the telephone company here did not reserve to the City a right to amend. Had such reservation been made and

[1]NRS 268.095 authorizes a city to impose a license tax "for revenues or for regulation, or both." Consequently, we regard as immaterial the fact that the one percent charge under the franchise was for regulation, whereas the five percent charge under the later ordinance was for revenue. In each instance the charge was a license tax within the statute.

an amendment enacted, a different issue would be presented directed to the reasonableness and good faith of the City's action. 6 McQuillin, Muni. Corp. § 21.06 at 202 (3d ed.). Neither may it be said that the City's intention to deprive itself of an increased license tax was not expressed in clear terms (cf. St. Louis v. United Railways Co., 210 U.S. 266 (1908)), since the franchise expressly provided that "the amounts paid hereunder shall be in lieu of the charges made for a license fee." As noted in St. Louis v. United Railways Co., supra, the "right [to tax] still exists unless there is a distinct agreement, clearly expressed, that the sums to be paid are in lieu of all such exactions." Id. at 274. A clear expression appears in the franchise at hand.

Arguing by analogy to cases involving the power of eminent domain and the police power, the City urges that the power to tax is likewise an essential attribute of sovereignty (Matthews v. State ex rel. Nevada Tax Comm'n, 83 Nev. 266, 428 P.2d 371 (1967)), and is inalienable either by statute or contract. The analogy is not sound since the eminent domain and police power cases do not concern themselves with the constitutional prohibitions against the impairment of the obligation of contracts.

Since the money to be paid under the franchise granted was clearly stated to be in lieu of a license charge, and since the City did not reserve unto itself the right to amend, we are compelled to void Ordinance No. 371 as against the telephone company as an impairment of the obligation of contract.

Affirmed.

COLLINS, C. J., BATJER and MOWBRAY, JJ., and GEZELIN, D. J., concur.