CITY OF RENO, A MUNICIPAL CORPORATION, AND JOHN ILIESCU, APPELLANTS, v. BERT GOLDWATER, PHYLLIS K. GOLDWATER, CORINNE N. FORMAN, MARGARET M. MUELLER, KATHERINE W. McLAUGHLIN, LUD CORRAO, PATRICIA CORRAO, HAZEL S. PAYNE, GEORGE J. VUCANOVICH, BARBARA F. VUCANOVICH, HELEN MEAKER MURPHY, MYRTLE M. MILLER, NELLO GONFIANTINI, JR., JOANNE R. GONFIANTINI, LEO D. NANNINI, LUCILLE C. NANNINI, AND EMILY WISEMAN LEWIS, RESPONDENTS.

No. 8342

December 21, 1976                    558 P.2d 532

*Robert L. Van Wagoner,* City Attorney, and *John N. Schroeder,* Deputy City Attorney, for Appellant City of Reno.

*Bradley & Drendel, Ltd.,* of Reno, for Appellant Iliescu.

*Goldwater, Hill, Mortimer, Sourwine & Pinkerton,* of Reno, for Respondents.

**OPINION**

By the Court, THOMPSON, J.:

This action is to cancel deeds conveying a small part of the real property which, in 1923, had been given to the City of Reno in trust by the family of former United States Senator Francis G. Newlands "as a public park and playground for the use and benefit of the people of the City of Reno."

The donated property is and has been a lovely small park for many years and continues to be suited to that purpose. Consequently, we are not here concerned with donated trust property which was never used for the purposes designated by the gift, or which has become inadequate for such purposes.

The plaintiffs, respondents here, are taxpayers and residents of the City of Reno who live in close proximity to Newlands Park and enjoy its beauty. Their standing to compel the City to honor its trust is beyond question. Appeal of Leech, 84 A.2d 787 (Pa.Super.Ct. 1951). The district court, on motion for summary judgment, found in their favor. Since this litigation also concerns cross claims and other pleadings among or between the defendants below, the court directed entry of final judgment for the plaintiffs as to all defendants without adjudicating the rights among or between the defendants themselves. NRCP 54(b). This appeal by the defendants, City of Reno and Iliescu, followed.

The gift in trust to the City was of Blocks M, N and O of Newlands Heights. In 1966 in connection with negotiations for the acquisition of property owned by William and Janet Farr (a portion of Block L in Newlands Heights) which was needed for the approach to the proposed Keystone Bridge, the City agreed to deed to the Farrs as part of the consideration for the purchase of such property, a portion of the trust property in Block O. Subsequently in 1971 the Farrs deeded this property to Iliescu. Its size is about 400 square feet.

In 1973 the City conveyed to Iliescu a portion of the trust property in Block M. This piece of property embraces some 1,223.60 square feet, and was deeded to Iliescu in exchange for other property owned by him which the City needed to widen California Avenue.

The mentioned conveyances were cancelled by the summary judgment entered below. The record does not tender a dispute as to any issue of material fact.[1] The City and Iliescu each contend, however, that the summary judgment thus entered is erroneous as a matter of law.

1.   We find no case authority which would authorize the conveyances by the City. The City traded trust property to private persons for a nonpublic use. This clearly is a breach of the trust. As a general rule, when individuals give property to a municipality in trust for a specific public use, the municipality is without power to use the property for any other purpose. Appeal of Leech, 84 A.2d 787 (Pa.Super.Ct. 1951); Mulvey v. Wangenheim, 137 P. 1106 (Cal.Dist.Ct.App. 1913); City of St. Louis v. Bedal, 394 S.W.2d 391 (Mo. 1965). Exceptions may exist to this general rule. Cf. Ward v. Mayor & City Council of Baltimore, 298 A.2d 382 (Md.Ct.App. 1973). The case at hand, however, does not fall within any exception to the general rule which we have found.

The City's need to acquire some of the land owned by the Farrs and by Iliescu for an approach to the Keystone Bridge and to widen California Avenue is not a relevant consideration in this case. That need could have been satisfied by purchasing such property, or if terms could not be agreed upon, then by resort to the power of eminent domain. Such need did not authorize the City to trade trust property to those persons for a nonpublic use.

2.   The appellants contend that the City was authorized by its charter to dispose of public park property held in trust. Reno City Charter art. XII, § 10.480, first enacted in 1945, later amended in 1963 and again in 1965, provides in relevant part: "The City council shall have the power to hold, improve, manage and use and dispose of all public grounds, parks, recreation centers, and all real and personal property of the City, but no . . . sales of real property belonging to the City shall be made until after it shall have been appraised by three disinterested appraisers . . . nor shall it be sold . . . for less than

---

[1]We reject the appellants' contention that a factual issue exists as to whether the 1923 conveyance by the Newlands family to the City was in trust or absolute. The language of the indenture is clear: ". . . to be held by the party of the second part in trust, forever, as a Trustee for the people of the City of Reno, as a public park and playground. . . ." The trust thus created was charitable in nature within the standard enunciated in Nixon v. Brown, 46 Nev. 439, 461, 214 P. 524 (1923).

seventy-five percent of such appraised value. . . ." Stats. Nev. 1965, ch. 292, p. 621.[2]

When the City accepted the gift of land from the Newlands family a contract was created obligating the City to hold such property in trust for the people of Reno to enjoy as a park and playground. That obligation could not later be impaired by legislative enactment. Nev. Const. art. 1, § 15; U.S. Const. art. 1, § 10; City No. Las Vegas v. Central Tel. Co., 85 Nev. 620, 460 P.2d 835 (1969); Town of Milton v. Attorney General, 49 N.E.2d 909 (Mass. 1943). Consequently, § 10.480 of the Charter is inapplicable to the circumstances presented in the case before us.

3. With regard to the 1966 deed from the City to the Farrs, the appellants argue that the respondents are precluded from challenging that conveyance by reason of laches. This action was commenced in June 1974.

The published notice of the Farr transaction did not mention the Newlands Park property. Consequently, the respondents were not aware of what the City intended to do. Recording of the deed was not notice under NRS 111.320 except to subsequent purchasers and mortgagees. Crescent v. White, 88 Nev. 71, 493 P.2d 1323 (1972); In re Wilson's Estate, 56 Nev. 500, 56 P.2d 1207 (1936). In any event, the most significant inquiry is whether the party urging laches has been prejudiced by his adversary's delay in asserting rights. Lanigir v. Arden, 82 Nev. 28, 409 P.2d 891 (1966). We do not perceive prejudice here. The summary judgment returns the park property to the City. The City now must pay for the land for which the park property was traded, the very action it should have pursued initially.

4. We have considered other assigned errors. None has merit.

Affirmed.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.

---

[2]The 1966 conveyance by the City to the Farrs apparently was consummated under § 10.480.